[Crim. No. 6373. Fifth Dist. Feb. 10, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MARSHALL RAY SWANSON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Harvey R. Zall, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just, Shirley A. Nelson and Clayton Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Appellant was convicted on his guilty plea of attempted grand theft (Pen. Code, §§ 664, 487). He was sentenced to prison for the 18-month upper base term. He now contends that "in imposing the upper term the sentencing court was not guided by the appropriate sentencing rule, but rather by its own determination that appellant's culpability for the attempted crime merited a certain punishment."

At the sentencing hearing, appellant's trial counsel argued for probation and the prosecutor argued for the upper base term. This exchange followed:

"It's the order of the Court that probation be and the same is hereby denied, and the Defendant committed to the Department of Corrections. And I fix the term of the Department of Corrections—how old is he, 18?

"MR. TRIMBLE [Defense Counsel]: 18. Right. We would ask for the mitigated term, your Honor, since it's a first—

"THE COURT: I'm going to fix it at the middle term of—this is one-half of 16, two and three.

"MR. TRIMBLE: One year.

"THE COURT: I'm going to fix this, because this is one-half, I'm going to aggravate this to three years, one-half, which is going to be 18, one-half is 18 months.

"The Court aggravates because the Defendant has served a prior commitment to the California Youth Authority, he was on parole at the time he committed this crime, his prior performance on parole has not been satisfactory. And therefore I aggravate it to the one-half of the three-year period, or 18 months.

"The Court denies probation because of the Defendant's past record, his prior commitments to the Youth Authority, and that he would not be a fit and proper candidate for probation."

In essence, appellant argues the judge initially felt the aggravating and mitigating factors were in equipoise, but then decided to impose the upper base term when he later realized that the middle base term would amount to only one year in custody. Without directly responding to appellant's contention, respon-

---

\*Before Brown (G. A.), P. J., Franson, J., and Woolpert, J.

dent counters the judge considered the middle base term but then exercised his discretion in favor of the upper base term based on proper aggravating factors.[1]

 It requires no citation of authority that a sentencing judge is required to base his decision on the statutory and rule criteria, on an analysis of legitimate aggravating and mitigating factors, and *not* on his subjective feeling about whether the sentence thus arrived at seems too long, too short, or just right. He is not permitted to reason backward to justify a particular length sentence which he arbitrarily determines. Yet appellant contends the judge herein used just such a result-oriented approach. The question is: Did he?

The record is unclear. The judge's statement, "I'm going to fix this, because this is one-half, I'm going to aggravate this to three years, one-half, which is going to be 18, one-half is 18 months," is ambiguous. It could mean because the punishment for attempt is only one-half that for a completed offense, the judge decided to aggravate. Or it could mean because the punishment was to be one-half of that for a completed offense, the punishment for the aggravated term herein would be 18 months. Were we limited to this one statement, we would be inclined to resolve the ambiguity in favor of the latter interpretation. However, we must look at the statement in context.

In the exchange immediately preceding the statement, the judge asked whether appellant was 18, counsel affirmed this fact and asked for the lower base term, and the judge said he was "going to fix it at the middle term . . . ." Moreover, this was not a case where aggravating factors overwhelmed mitigating factors, leaving the upper base term a foregone conclusion. Appellant had voluntarily acknowledged guilt early in the process (Cal. Rules of Court, rule 423(b)(3)), his coparticipants received probation, appellant was only 18, and this case was his first adult conviction.

Under all the circumstances we cannot resolve the ambiguity in favor of the latter interpretation noted above. Because the record raises the distinct possibility the judge based his sentence choice on his subjective belief about the length of sentence he wanted to impose, remand is appropriate.[2] We are confident the judge would, on remand, sentence appellant based solely on the proper criteria. However, to avoid the appearance of unfairness to appellant, we have decided to order resentencing by a different judge.[3]

---

[1] Appellant does not challenge the propriety of the factors cited by the judge.

[2] Rule 409, California Rules of Court, provides: "Relevant criteria enumerated in these rules shall be considered by the sentencing judge, and shall be deemed to have been considered unless the record affirmatively reflects otherwise." The rule does *not* create a presumption that the judge did not consider improper criteria *not* enumerated in the sentencing rules. In any event, the judge's statements herein affirmatively reflect the judge may have done so.

[3] Since defendant's guilty plea occurred in municipal court pursuant to Penal Code section 859a this disposition does not contravene *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].

The judgment is reversed for sentencing error only and the matter is remanded for resentencing in accordance with the principles expressed herein before a judge other than judge Gerald V. Underwood. In all other respects, the judgment is affirmed.