[No. F002846. Fifth Dist. July 26, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MISKIEWICZ, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]This opinion is to be published with the exception of the section entitled Statement of Facts and Parts I through IV. (Cal. Rules of Court, rule 976.1.)

## COUNSEL

Scott W. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Carla J. Caruso, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARTIN, J.**—The defendant pled guilty to one count of violation of Penal Code section 288, subdivision (a)[2], lewd and lascivious conduct with a child

[2]All statutory references are to the Penal Code unless otherwise specified.

under the age of 14 years. Additional counts of violation of section 288, subdivision (a); section 288a, subdivision (c); section 289, subdivision (a); and section 290, subdivision (f) were dismissed as part of the plea bargain. Probation was denied and defendant was sentenced to state prison for the upper term of eight years. Defendant appeals.

STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . .

## V. DEFENDANT DID NOT HAVE A RIGHT TO BE SENTENCED BY THE SAME JUDGE THAT ACCEPTED HIS GUILTY PLEA.

On March 18, 1983, defendant appeared before the Honorable John Stanton of the East Kern Municipal Court District. At that time, defendant pled guilty unconditionally to count one of the complaint. The remaining counts were dismissed.

On June 24, 1983, James M. Stuart, serving as temporary judge in the Kern County Superior Court, sentenced defendant to state prison for the aggravated term of eight years.

Notwithstanding a stipulation that the temporary judge could preside over the sentencing proceeding, defendant now contends that the procedure violated his rights under the Supreme Court decision in *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].

In *Arbuckle,* the Supreme Court first articulated the rule that an implicit term of a plea bargain is that the trial judge who takes the plea will be the sentencing judge.

"As a general principle, moreover, whenever a judge accepts a plea bargain *and retains sentencing discretion under the agreement,* an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of disposition available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations omitted.]

"Because the defendant had been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand. [Cita-

---

*See footnote 1, *ante,* page 820.

tions omitted.] The defendant is entitled to be sentenced by Judge London, or if internal court administrative practices render that impossible, then in the alternative defendant should be permitted to withdraw his plea.[5]" (*Id.*, at pp. 756-757; italics added.)

In *People* v. *DeJesus* (1980) 110 Cal.App.3d 413 [168 Cal.Rptr. 8], the Fifth District Court of Appeal applied the rule of *Arbuckle* to a situation in which the sentencing hearing in superior court had initially been continued and, on the continued date, the superior court judge who had accepted the plea was absent from the court. Although defense counsel requested a continuance until such time as the judge's return, the request for continuance was denied and sentencing was conducted before a different superior court judge. This court reversed, stating: "Judge Bradley's temporary absence until the 10th of October was not such a factor as to constitute impossibility within *Arbuckle*." (*Id.*, at p. 419.)

In *People* v. *Pedregon* (1981) 115 Cal.App.3d 723 [171 Cal.Rptr. 468], acceptance of the guilty plea was made by a visiting judge who had returned to his regular assignment prior to the time of sentencing. At the time the plea was accepted, sentencing was left "to the Judge's discretion." (*Id.*, at p. 725.) On appeal, the First District Court of Appeal held that defendant was entitled to pronouncement of judgment by the visiting judge. In the event of unavailability, defendant must be allowed to withdraw his guilty plea. Should the guilty plea be withdrawn, the prosecution has the right to reinstate the dismissed counts. (*Id.*, at p. 726.)

In the instant case the People do not argue that the stipulation constituted a waiver of defendant's *Arbuckle* rights. Rather, the People rely on *People* v. *Swanson* (1983) 140 Cal.App.3d 571 [189 Cal.Rptr. 547]. In *Swanson*, the record raised the "distinct possibility the judge based his sentence choice on his subjective belief about the length of sentence he wanted to impose." Therefore, to avoid any apparent unfairness to defendant, the court remanded the matter for resentencing by a *different* judge. A footnote appeared in the case which stated: "Since defendant's guilty plea occurred in municipal court pursuant to Penal Code section 859a this disposition does not contravene *People* v. *Arbuckle* (1978) 22 Cal.3d 749. . . ." (*Id.*, at p. 575, fn. 3.)

---

"[5]We recognize that in multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months. However a defendant's *reasonable* expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took his plea and ordered sentence reports should not be thwarted for mere administrative convenience. If the original judge is not available for sentencing purposes after a plea bargain, defendant must be given the option of proceeding before the different judge available or of withdrawing his plea." (Italics added.)

In *In re Ray O.* (1979) 97 Cal.App.3d 136 [158 Cal.Rptr. 550], this court held *Arbuckle* applicable to juvenile proceedings when it concluded: "In the absence of clear waiver, whenever a juvenile enters a plea bargain before a judge he has the right to be sentenced by that same judge. . . . ([I]n accordance with the procedure set forth in *Arbuckle* at p. 757) if internal court administrative procedures render that impossible, then in the alternative Ray O. should be permitted to withdraw his admission of burglary. Should the admission be withdrawn, the prosecution shall have the right to reinstate the dismissed count." (*In re Ray O., supra,* at pp. 139-140, fn. omitted.)

It should be noted that the record of the jurisdictional hearing in *In re Ray O.* indicated that Ray expected the same judge would handle the disposition and revealed that the dispositional hearing was ordered to be held "in the same Department." This court determined that "[u]nder the circumstances, Ray O. could reasonably believe that the judge occupying the department at the time of the plea would also be the judge occupying the department at the time of the disposition [citation omitted]." (*Id.,* at p. 139)

In this court's recent opinion in *People* v. *Rosaia* (1984) 157 Cal.App.3d 832 [203 Cal.Rptr. 856], the defendant entered a guilty plea before a superior court judge. He requested a formal sentencing hearing which resulted in transfer of the case to a different superior court judge for the hearing and sentencing. We held that absent an indication in the record that a defendant knew of his right to be sentenced by the same judge who accepted the guilty plea, defendant is excused from any failure to object to sentencing by a different judge. The *Rosaia* ruling was primarily based on the case of *In re Thomas S.* (1981) 124 Cal.App.3d 934 [177 Cal.Rptr. 742]. There, the court stated that fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea. The court cannot reasonably assume or speculate that the defendant had the requisite knowledge of his *Arbuckle* rights even if represented by an attorney. (*Id.,* at pp. 941-942.)

■ However, as stated in *Arbuckle,* and as adhered to in its progeny, the assumption that the propensity in sentencing demonstrated by a particular judge is a significant factor in a defendant's decision to enter a guilty plea and, thus, an implied term of the bargain is that sentence will be imposed by that same judge. ■ It seems apparent to us that this reasoning cannot apply to a felony plea before a magistrate pursuant to section 859a, absent unique or unusual circumstance reflected in the record. ■ The authority of a magistrate is purely statutory; he is not a judge. (*Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530, 537 [117 Cal.Rptr. 898].) ■ Section 859a specifically provides that upon entry of the felony plea, the

magistrate shall immediately certify the case to the superior court and thereupon such proceedings shall be had as if such defendant had pled guilty in such court. Moreover, a magistrate, a justice court or municipal court judge under usual circumstances, will not have demonstrated a particular propensity in sentencing defendants for felony violations. Thus, we conclude that in the usual case, *Arbuckle* rights do not extend to a defendant who enters a felony plea before a magistrate pursuant to section 859a.

In the instant case, the magistrate certified defendant's case to the superior court for formal sentencing and ordered preparation of a probation report. The magistrate did not retain any sentencing discretion. The municipal court's jurisdiction ceased upon the magistrate's certification of the case to the superior court. Defendant was advised on several occasions during the change of plea proceedings that sentencing would occur in the superior court. There is nothing in the record before us to suggest that defendant did not understand the nature of the proceedings or the procedure to be followed. Unlike *In re Ray O.,* under the circumstances present here, it could not have been a reasonable expectation on the part of defendant that the magistrate would be the same judge to impose sentence.

We decline to extend the application of *Arbuckle* to a defendant who pleads guilty to a felony pursuant to section 859a. Having determined that the right to the same judge at sentencing is not present in this case, we need not address the question of whether the defendant waived that right.

Affirmed.

Woolpert, J., concurred.

**HANSON (P. D.), Acting P. J.**—I concur in the affirmance as to all counts, but do not join in the majority's broad statement that the principles underlying *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.3d 1171] have no application except in unusual circumstances to guilty pleas taken by a magistrate under Penal Code section 859a.

I agree that under the statutory scheme a defendant has no right to be sentenced by a magistrate merely because the plea is taken before that officer. However, the *Arbuckle* rule recognizes the exercise of sentencing discretion may differ significantly among judges and protects a defendant's reasonable expectations based upon approval of his bargain by a particular judge. Although a magistrate will not generally have a demonstrated propensity in *felony* sentencing, in considering the validity of a guilty plea, we must be concerned with the perceptions of the defendant. Under section

859a and related statutes concerning the taking of guilty pleas, prior to certification the magistrate may approve pleas of guilty or nolo contendere specifying the degree of the crime or the punishment. (See Pen. Code, §§ 1192.2, 1192.4, 1192.5.) A *lay person* cannot be presumed to know, without being told, that by pleading guilty before a magistrate who has approved the plea bargain, he is electing to be sentenced by an unspecified superior court judge.

Accordingly, it would be a much better practice and no great burden for the magistrate taking a defendant's plea under section 859a clearly to inform the defendant he will be sentenced by a different judge. Such an admonition (in addition to those required by section 1192.5, if applicable) would provide to a defendant who pleads guilty at an earlier stage of the proceedings the same degree of protection to ensure the plea is knowing and intelligent as is afforded a defendant who pleads in superior court. Furthermore, such a record admonition would avert an unascertainable, but potentially significant[1] number of motions to set aside guilty pleas under Penal Code section 1018.

Here, appellant did not move to set aside the guilty plea and made no showing he was unaware his sentencing would be conducted by a superior court judge. Appellant does not claim he relied on any supposed discretion of the magistrate in entering his plea. Under these circumstances, I concur in the affirmance.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1984. Mosk, J., was of the opinion that the petition should be granted.

---

[1] In light of the addition in 1982 of Penal Code section 1192.7 (prohibiting, except in specified circumstances, plea bargaining where "the indictment or information charges any serious felony or any offense of driving while under the influence . . . ."), it is apparent the number of pleas taken by magistrates under section 859a will increase.