[No. D006213. Fourth Dist., Div. One. Apr. 28, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GUERRA, Defendant and Appellant.

[**Opinion certified for partial publication.[1]**]

[1] Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—Robert Guerra was charged in two criminal complaints with one count of residential burglary (Pen. Code,[2] § 459) and one count of robbery (§ 211). Guerra was arraigned for both complaints on March 12, 1987, in the Municipal Court for the South Bay Judicial District of San Diego before the Honorable Ernest Borunda. In that court Guerra pled guilty to second degree burglary and robbery. Under the terms of his plea agreement, any sentence imposed on the burglary would run concurrent with any sentence imposed on the robbery and with any sentence imposed for a probation violation. In addition, case number SF16117 (violation of Health & Saf. Code, § 11350, subd. (a)) was to be dismissed.

On April 19, 1987, Guerra appeared before the Honorable Wayne L. Peterson, Judge of the San Diego Superior Court, for sentencing in both cases. Judge Peterson sentenced Guerra to state prison for the middle term of three years on the robbery conviction and imposed a two-year concurrent term on the burglary conviction. Guerra received 51 days of presentence credit on the robbery conviction and 64 days of presentence credit on the burglary conviction calculated under section 4019.

Guerra contends the case must be remanded for resentencing due to numerous errors. First, Guerra contends his sentencing hearing was invalid because he was not sentenced by Judge Borunda who accepted both guilty pleas under the plea agreement. Second, Guerra contends the trial court abused its discretion when it sentenced him to state prison instead of following the probation officer's recommendation of formal probation. Finally, Guerra contends he is entitled to 14 days additional presentence credit for the robbery conviction because his confinement from February 26, 1987, to March 12, 1987, was attributable to both the robbery and the burglary offenses.

For the reasons set forth below, we affirm.

### FACTS

On November 24, 1986, as Maria Nava walked down the street, Robert Guerra came up behind her and grabbed the purse strap which was over Nava's shoulder. Guerra told Nava to give him the purse, but Nava refused. Guerra repeated the demand several times as he struggled with Nava for the purse. Guerra finally jerked the purse out of Nava's arm, which caused her to lose her balance. Nava gave chase but lost sight of Guerra. Guerra was

---

[2] All statutory references are to the Penal Code unless otherwise specified.

apprehended by authorities approximately 20 minutes later and admitted taking Nava's purse.

On February 6, 1987, Ingrid Weems's condominium was burglarized. Jewelry and a VCR were taken from the residence. Witnesses observed a man, later identified from a photographic lineup as Guerra, carrying a VCR from the area. The witnesses pursued Guerra as he attempted to escape in a getaway vehicle. Guerra was unable to get into the vehicle and flashed a knife to keep his pursuers from getting too close. Guerra eventually eluded his pursuers.

Guerra pled guilty to the robbery and to second degree burglary before Judge Borunda. The court accepted Guerra's guilty pleas and ordered him to appear for sentencing on April 9, 1987, in Department No. 8 of the San Diego Superior Court. Judge Borunda gave Guerra the downtown San Diego address of the superior court.

On April 9, 1987, Guerra appeared before Judge Peterson in Department No. 8 of the San Diego Superior Court. Judge Peterson found that Guerra was not a proper subject for probation, stating he believed the ends of justice were best served by denial of probation. He stated: "You have a prior history of criminal conduct, and it's obviously escalating and did escalate with this assault on a woman when you stole from her her purse in a forcible fashion." Judge Peterson sentenced Guerra to state prison for the middle term of three years on the robbery conviction and a two-year concurrent term on the burglary conviction.

The court allowed presentence credits of 51 days for the robbery. The court based the calculation on 34 actual days of custody (Nov. 24 to Nov. 28, 1986, and Mar. 12 to Apr. 9, 1987). The court allowed 64 days of presentence credit on the burglary based on 43 actual days of custody (Feb. 26 to Apr. 9, 1987). Section 4019 credits account for the balance of the credits allowed.

DISCUSSION

I

Guerra contends his sentencing hearing was invalid and the case must be remanded for resentencing pursuant to *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]. *Arbuckle* held: "As a general principle, moreover, *whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement,* an implied term of the bargain is that sentence will be imposed by that judge.

Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" (*Id.* at pp. 756-757, italics added.)

Guerra fails to recognize *Arbuckle* states only a *general principle*. It is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence. Rather, the record may demonstrate some basis upon which to conclude the defendant could not have reasonably expected that the judge who accepts the plea will retain sentencing discretion. (*In re James H.* (1985) 165 Cal.App.3d 911, 919-920 [212 Cal.Rptr. 61].)

On this record we see no facts giving rise to a reasonable expectation by Guerra that he would be sentenced by the same municipal court judge who accepted his guilty pleas. Judge Borunda informed Guerra he would have to appear for sentencing in Department No. 8 of the San Diego Superior Court. Judge Borunda did not state he would sentence Guerra when he informed Guerra where sentencing was to take place. Consequently, Guerra had no basis to expect Judge Borunda would retain sentencing discretion.

In a similar case, *People* v. *Miskiewicz* (1984) 158 Cal.App.3d 820 [204 Cal.Rptr. 873], the court advised the defendant on several occasions during the change of plea proceedings that sentencing would occur in the superior court. The magistrate certified the defendant's case to the superior court and ordered the preparation of a probation report. The defendant contended *Arbuckle* was violated by his subsequent sentencing in superior court. The court declined to extend the application of *Arbuckle* to a defendant who pleads guilty to a felony pursuant to section 859a. (*Id.* at p. 825.)

Section 859a specifically provides that upon entry of the felony plea the magistrate shall immediately certify the case to superior court. "Moreover, a magistrate, a justice court or municipal court judge under usual circumstances, will not have demonstrated a particular propensity in sentencing defendants for felony violations." (*Ibid.*) Therefore, "it could not have been a reasonable expectation on the part of defendant that the magistrate would be the same judge to impose sentence." (*Ibid.*)

*Miskiewicz* is dispositive of the issue in this case. As in *Miskiewicz,* when Guerra entered his guilty plea in each case, the court informed him he would have to appear for sentencing in San Diego Superior Court. The municipal court's jurisdiction ceased upon Judge Borunda's certification of the case to the superior court. Under the circumstances, Guerra could not reasonably expect he would be sentenced by the same judge who accepted his guilty pleas.

It follows that Guerra did not have an *Arbuckle* right to be sentenced by the same judge who took his plea. A necessary corollary is that there was no requirement the record reflect at some stage of the proceeding before sentencing that the defendant was advised or otherwise knew his *Arbuckle* rights. (See *People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 840 [203 Cal.Rptr. 856].)

Since Guerra did not assert any *Arbuckle* right in the trial court, there is a question whether he preserved the issue for appeal. Before *Rosaia, supra,* 157 Cal.App.3d 832, became final, the rule was firmly established that in order to preserve an *Arbuckle* issue for appeal the defendant must in some fashion register an objection to sentencing by a new judge. (*People* v. *West* (1980) 107 Cal.App.3d 987, 992 [165 Cal.Rptr. 24]; and see *In re James H., supra,* 165 Cal.App.3d 911, 918-919.) This requirement pertained whether or not the defendant ultimately was held to have an *Arbuckle* right to be sentenced by the same judge who accepted the guilty or nolo contendere plea. (*People* v. *Ruhl* (1985) 168 Cal.App.3d 311, 316 [214 Cal.Rptr. 93].) *West* explains: "Assuming, then, that a term included by implication in every conditional plea, unless expressly excluded, is that the judge who approves it will decide whether to continue or withdraw such approval, the right to the same judge is no less conditional than the other terms of the plea. *Arbuckle* recognizes that *if a defendant's case is assigned to a different judge for sentencing, the defendant can proceed before that judge or withdraw his plea.* (22 Cal.3d at p. 757, fn. 5.) Furthermore, *even if a defendant could demand the same judge, he must do so; he does not have the option of taking his chances before the different judge and, if the result is unfavorable, then demand the original judge.* Appellant did not move for reassignment to Judge McGuire or object to Judge Broderick. He may, for all the record shows to the contrary, have calculated that his chances would be better with Judge Broderick. *He made his election and is bound by it.*" (*People* v. *West, supra,* 107 Cal.App.3d 987, 992, italics added.)

In *Rosaia,* however, a case where an *Arbuckle* right is present, the court held unless the record shows the defendant knew of the right to be sentenced by the same judge, as by having been so advised by the judge who took the plea or by other means, there is no waiver by failure to object. (*People* v. *Rosaia, supra,* 157 Cal.App.3d 832, 840; see also *In re Thomas S.* (1981) 124 Cal.App.3d 934, 940-942 [177 Cal.Rptr. 742].) *Rosaia* explains, in part: "We agree with the court's decision in *In re Thomas S.* that *Arbuckle* rights, unlike the constitutional privilege against self-incrimination, the right to trial by jury, and the right to confront witnesses, may be waived by conduct. (*In re Thomas S., supra,* 124 Cal.App.3d at p. 941.) Nevertheless, fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record

that defendant knew he had the right to be sentenced by the same judge who took his plea. The court cannot reasonably assume or speculate that the defendant had the requisite knowledge of his *Arbuckle* rights even if represented by an attorney. (*Id.,* at pp. 941-942.)

"The preferable way to assure that the record reflects defendant's knowledge of his *Arbuckle* rights is for the judge who takes the plea to advise the defendant of those rights at the time he takes the plea. However, . . . [w]e believe the rights of the defendant are adequately protected and onerous duties avoided by requiring only that the *record* demonstrate the defendant's knowledge of his *Arbuckle* rights to support a conclusion that defendant waived those rights by his conduct. Such a requirement is consistent with general judicial reluctance to find a waiver by silence or acquiescence. [Citation.]" (*People* v. *Rosaia, supra,* 157 Cal.App.3d at p. 840.)

■ Although it is unnecessary to determine the waiver issue in light of our conclusion Guerra had no *Arbuckle* right in the first instance, we express our strong preference for the rule that a defendant who by implication from the plea is expecting sentencing by the same judge register his objection as he stands before a second judge for sentencing. It is unreasonable to allow such an "unsatisfied" defendant to stand idly before the second judge all the way through the sentencing process and then raise the *Arbuckle* issue for the first time on appeal.

A record showing knowledge by the defendant of his or her *Arbuckle* right, while desirable, should not be a necessary prerequisite to finding a waiver by silent conduct at sentencing. Were this the rule we would conclude Guerra waived his *Arbuckle* argument.

In any event, there was no *Arbuckle* error in Guerra's case.

### II, III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

*See footnote 1, *ante,* page 1067.

## DISPOSITION

The judgment and sentence of the superior court is in all respects affirmed.

Kremer, P. J., and Staniforth, J.,* concurred.

A petition for a rehearing was denied May 24, 1988.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.