[No. D010239. Fourth Dist., Div. One. Nov. 7, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
SHANNON MICHAEL ADAMS, Defendant and Appellant.

## COUNSEL

Sharon L. Hummel, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharoupoulos and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—Shannon Michael Adams entered a negotiated guilty plea to forcible sodomy (Pen. Code, § 286, subd. (c)) pursuant to *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409]. The court sentenced him to the upper term of eight years in prison. This appeal squarely raises the question of whether a defendant sentenced by a judge other than the one who accepted the guilty plea may withhold objection to the new judge and

raise *Arbuckle*[1] error for the first time on appeal. We hold such claim has been waived by the defendant's failure to make a timely objection.

FACTUAL BACKGROUND

Seventeen-year-old Emily M. met Adams, whom she knew as Mike Smith, in the spring of 1988. They had one date near the end of the 1988 school year. She did not see him again until he came to her door on the evening of September 29, 1988, when her mother was out. She let him in the house. They drank a couple of cans of beer and smoked two pipes of marijuana. They went to Emily's room and undressed. After about a half hour of sexual contact, she became distressed, arose from the bed, and went into the bathroom. She returned and put on a T-shirt and shorts. She asked Adams to leave, explaining she was romantically involved with someone else, felt guilty, and did not wish to continue. He got up and asked permission to hug her. They fell back on the bed. Adams tried to have intercourse with Emily through her shorts. When she pushed him away, he became angry, slapped her, verbally assaulted her, and ripped off her shirt. They had intercourse. Adams instructed Emily to get on her hands and knees, sodomized her, and left. She called the police and was taken to Children's Hospital for medical treatment.

Adams later said: "I don't know why I sodomized her. No, I didn't think at the time I would hurt her. After it was all done and she was crying, I felt sorry and apologized." However, when asked why he went to Emily's house, he responded: "Well, hell, I'd been locked up for a long time, I was hornier than hell, and I was out to fuck anything I could."

DISCUSSION

Adams contends he was denied the right to be sentenced by the judge who took his plea, and his failure to object at sentencing did not constitute a waiver of this right.

■ "As a general principle, . . . whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (*People* v.

---

[1] *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].

*Arbuckle, supra,* 22 Cal.3d at pp. 756-757.) In order for an *Arbuckle* right to arise, the record must affirmatively show the defendant had a reasonable expectation of sentencing by the judge who took the plea. (*People* v. *Guerra* (1988) 200 Cal.App.3d 1067, 1071-1072 [246 Cal.Rptr. 392]; *In re James H.* (1985) 165 Cal.App.3d 911, 919-920 [212 Cal.Rptr. 61]; *In re Mark L.* (1983) 34 Cal.3d 171, 177 [193 Cal.Rptr. 165, 666 P.2d 22].)

Thus, the *Arbuckle* rule is for the benefit of the defendant who believes some agreement has been reached with a particular judge; where that is not the case, there is no reason why a different judge should not sentence. Here, we conclude Adams did have an *Arbuckle* right. The judge at the change of plea hearing asked "Do you understand that the maximum sentence I could impose in this case is up to eight years in state prison and $20,000 fine?" The clerk later suggested a date for sentencing in "this department." While the judge who took the plea did not make "repeated use of the personal pronoun when referring to sentencing" as in *People* v. *Arbuckle, supra,* 22 Cal.3d at page 756 or in *In re Mark L., supra,* 34 Cal.3d at page 177, the circumstances nevertheless lend credence to the conclusion Adams had a reasonable expectation of sentencing by that judge (see *People* v. *Serrato* (1988) 201 Cal.App.3d 761, 764 [247 Cal.Rptr. 322]; *In re Thomas S.* (1981) 124 Cal.App.3d 934, 939 [177 Cal.Rptr. 742]). We must therefore consider whether he waived his *Arbuckle* right.

In *Guerra, supra,* 200 Cal.App.3d 1067, we criticized the Fifth District's opinion in *People* v. *Rosaia* (1984) 157 Cal.App.3d 832 [203 Cal.Rptr. 856], stating "our strong preference for the rule that a defendant who by implication from the plea is expecting sentencing by the same judge register his objection as he stands before a second judge for sentencing. It is unreasonable to allow such an 'unsatisfied' defendant to stand idly before the second judge all the way through the sentencing process and then raise the *Arbuckle* issue for the first time on appeal.

"A record showing knowledge by the defendant of his or her *Arbuckle* right, while desirable, should not be a necessary prerequisite to finding a waiver by silent conduct at sentencing." (*People* v. *Guerra, supra,* 200 Cal.App.3d at p. 1073.) We did not determine the waiver issue in *Guerra* because we concluded the defendant there had no *Arbuckle* right. (*Ibid.*)

In *People* v. *Serrato, supra,* 201 Cal.App.3d 761, the Third District held failure to object to sentencing by a new judge results in a waiver of the *Arbuckle* right. (*Id.* at pp. 764-765, citing *In re James H., supra,* 165 Cal.App.3d at p. 918.) The *Serrato* court stated: "In *People* v. *Rosaia* (1984) 157 Cal.App.3d 832 . . . , the Fifth District created an exception to the

requirement of an objection when it held, 'fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea.' (*Id.*, at p. 840.) Thus, under *Rosaia*, *Arbuckle* rights are not waived by a lack of objection unless the record demonstrates the defendant knew of the rights. (*Ibid.*) Because we find such an approach contradicts the logical underpinning of *Arbuckle*, we decline to follow *Rosaia*.

"In *Arbuckle*, the court stated, 'Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea.' (22 Cal.3d at p. 757.) Thus, when a defendant enters a bargain, 'in expectation of and [in] reliance upon sentence being imposed by the same judge' (*id.* at p. 756), the defendant must be aware he is entitled to this part of the bargain as a matter of right once he enters his plea of guilty. Knowledge by the defendant of his *Arbuckle* right as a part of the plea bargain is implicit in the reasoning of *Arbuckle*. Thus, we conclude, when faced with a different sentencing judge, a defendant must object at that time or waive his *Arbuckle* rights." (*People v. Serrato, supra*, 201 Cal.App.3d at pp. 764-765.)

We agree with *Serrato*'s rejection of *Rosaia* and now adopt the *Serrato* rule.[2] A defendant who has an *Arbuckle* right must object if a different judge presides at sentencing.

"*Arbuckle* recognizes that if a defendant's case is assigned to a different judge for sentencing, the defendant can proceed before that judge or withdraw his plea. [Citation.] [A] defendant . . . does not have the option of taking his chances before the different judge and, if the result is unfavorable, then demand the original judge." (*People v. West* (1980) 107 Cal.App.3d 987, 992 [165 Cal.Rptr. 24], italics omitted.)

Because Adams failed to object below to sentencing by a judge other than the one who took his plea, he waived his *Arbuckle* right. We therefore affirm the judgment.

---

[2] We similarly reject the modified Fifth District view set forth in *People v. Horn* (1989) 213 Cal.App.3d 701 [261 Cal.Rptr. 814]. In *Horn*, the court disapproved *Rosaia* to the extent it suggested "the *Arbuckle* term is implied in all plea bargains even in the absence of an affirmative showing on the record supporting a reasonable expectation that the judge who accepted the plea will also impose sentence." (*Id.* at p. 708.) The *Horn* court maintained, however, a defendant's failure to object to sentencing by a different judge does not waive the *Arbuckle* right. (*Id.* at p. 709.)

## DISPOSITION

Judgment affirmed.

Kremer, P. J., and Benke, J., concurred.

A petition for a rehearing was denied November 27, 1990, and appellant's petition for review by the Supreme Court was denied January 24, 1991. Mosk, J., was of the opinion that the petition should be granted.