Filed 5/14/24  P. v. Giron CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040230 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1242914) |
| v. | |
| LIZA MARIE GIRON, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Liza Marie Giron pleaded no contest to one count of vandalism.  She was placed on three years' formal probation and ordered to pay fines, assessments, and fees.

By letter dated January 9, 2014, this court notified defendant that her appellate counsel filed a brief identifying no arguable issues on appeal and invited defendant to submit any argument on her own behalf.  Defendant did not respond to that letter.  For the reasons stated below, we will affirm the judgment.

## II.  STANDARD OF REVIEW

We review the entire record to determine whether appointed counsel has correctly determined that there are no arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  In performing our review, we are required to give a brief description of the facts, the procedural history, the crimes of which the defendant was convicted, and

the punishment imposed, and to address any contentions personally raised by the defendant. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

### III. FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged by felony complaint with one count of vandalism over $10,000 (Pen. Code, § 594, subds. (a), (b)(1)), occurring on or about June 5 or 6, 2012. According to the probation report, police responded to a possible burglary at a Morgan Hill residence. Police observed clothes and personal property strewn over the floor. The washing machine hose had been cut, releasing water that damaged carpet, flooring and cabinets. Police contacted defendant, the resident's caretaker, who admitted vandalizing the home because she was angry with the resident. On September 6, 2012, pursuant to a negotiated agreement which included up to five years' probation and no additional jail time, defendant pleaded no contest to the felony complaint and was released from custody that day.

The victim told the probation officer that damages totaled $52,000, but he had not submitted any receipts for repairs as of November 2, 2012, the date the probation report was written. Defendant told the probation officer that the incident was caused by a faulty washing machine, and she disputed the amount of restitution requested by the victim. Over the next twelve months, the matter was reset several times for sentencing and a restitution hearing. On August 22, 2013, anticipating that restitution would be left as a general order, the prosecutor asked that the restitution hearing be taken off calendar. At the court's suggestion, the parties agreed to proceed to sentencing instead of having the case return to the judge who had accepted defendant's plea. The court indicated that the probation report was in the file and that and it would follow the plea bargain.

The trial court suspended imposition of sentence, credited defendant for 96 days served in county jail, and placed defendant on three years' formal probation. The court ordered no contact with the victim and restitution to be determined. It imposed search conditions and a ban on possessing firearms or ammunition. The court also ordered

defendant to seek and maintain gainful employment or school enrollment. It imposed a
$240 restitution fine, a 10 percent administrative fee, and a $240 suspended probation
revocation fine. The court ordered paid to the Department of Revenue a $40 court
security fee, a $30 criminal conviction fee, a presentence investigation fee not to exceed
$450, and a probation supervision fee not to exceed $110 per month.

Defendant requested a certificate of probable cause, in which she describes the
public defender's investigation of the damages caused by a broken washing machine and
states that she is appealing because she was given alcohol and drug probation conditions.
She contends that she was not arrested for alcohol or drugs so she should not be subject
to those conditions. The trial court denied the request for a probable cause certificate
noting that no conditions related to drugs or alcohol were imposed.

Defendant timely appealed

## IV. DISCUSSION

### A. ALCOHOL AND DRUG PROBATION CONDITIONS

To the extent defendant sought a certificate of probable cause to challenge the
imposition of alcohol and drug restrictions, we agree with the trial court that no such
conditions were imposed.[1] Although the box next to the phrase "No alcohol / drugs or
where sold" is checked on the clerk's form minute order, that order is not controlling.
(*People v. Smith* (1983) 33 Cal.3d 596, 599 [when the record is in conflict, the part
entitled to greater credence will prevail]; (*In re A.C.* (2011) 197 Cal.App.4th 796, 799
[presuming reporter's transcript to be more accurate than recitals in clerk's transcript].) It
is clear from the reporter's transcript and the written order denying defendant's certificate
of probable cause that the trial court did not impose alcohol and drug conditions as part of
defendant's probation. The absence of those conditions also is consistent with the

---

[1] A certificate of probable cause is not required to challenge probation conditions
on appeal. (California Rules of Court, rule 8.304(b)(4)(B).)

probation officer's report, which, by all indications, the sentencing judge intended to follow.

**B.** *ARBUCKLE* **WAIVER**

As a general matter, a defendant has the right to be sentenced by the judge who accepted defendant's plea if that judge retained sentencing discretion under the plea agreement. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757.) Courts are split regarding the manner in which a defendant waives her *Arbuckle* right to be sentenced by the judge who accepted her plea. (Compare *People v. Serrato* (1988) 201 Cal.App.3d 761, 765 ["when faced with a different sentencing judge, a defendant must object at that time or waive his *Arbuckle* rights[]"] and *People v. Adams* (1990) 224 Cal.App.3d 1540, 1544 [same] with *People v. Horn* (1989) 213 Cal.App.3d 701, 709 [defendant's waiver must be supported by some affirmative statement or conduct].)

We conclude that defendant waived her right to be sentenced by the judge who accepted her plea even applying the more protective standard in *Horn*. Although the sentencing judge did not expressly inform defendant of her *Arbuckle* right, he gave the parties the option of handling defendant's sentencing at that time or sending the matter back to the judge who handled the plea: "[I]s there any reason I might not be able to sentence right now according to the plea bargain? [¶] All I'm saying is that I'm happy to do it if you both agree; otherwise, I can put it over for Judge Lee." After the sentencing judge explained to defendant that there still may be a restitution hearing in the future, and defendant conferred with counsel, counsel indicated defendant's willingness to proceed to sentencing. Opting to be sentenced at that time instead of returning for sentencing before the judge who accepted her plea, in our view, constitutes a sufficient waiver under *Horn*.

Aside from the issues discussed above, our complete review of the record reveals no other arguable issues on appeal.

## V.  DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the August 22, 2013 minute order to delete the checkmark representing the imposition of probation conditions restricting alcohol and drugs.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.

*The People v Giron*

**H040230**