Filed 2/19/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>VANESSA BUENO,<br><br>    Defendant and Appellant. | F074946<br><br>(Super. Ct. No. 16CR-04331)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County. David W. Moranda and Frank Dougherty, Judges.[†]

Jennifer Mouzis, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[†] Judge Moranda accepted appellant's plea; Judge Dougherty, a retired Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article VI, § 6 of the California Constitution, pronounced her sentence.

**INTRODUCTION**

Appellant, Vanessa Bueno, was driving while intoxicated and lost control of her vehicle resulting in a single vehicle roll-over accident. Bueno's eight-year-old son was ejected from the vehicle and died. Additionally, her teenage daughter was injured and required medical attention. Bueno pled no contest to gross vehicular manslaughter while intoxicated (count 1; Pen. Code, § 191.5, subd. (a)[1]); driving under the influence causing injury (count 2; Veh. Code, § 23153, subd. (a)); driving with a blood alcohol content of .08 or more causing injury (count 3; Veh. Code, § 23153, subd. (b)); and two counts of felony child endangerment for endangering her son (count 4; § 273a, subd. (a)) and daughter (count 5; § 273a, subd. (a)). Bueno admitted great bodily injury allegations to counts 2 through 4 (§ 12022.7, subd. (a)); and multiple victim allegations and .15% or higher blood alcohol content allegations as to counts 2 and 3 (Veh. Code, §§ 23558, 23578). Bueno was sentenced to a determinate prison term of 11 years, four months.

Bueno presents four claims on appeal. First, she contends that she never waived her right to be sentenced by the judge who took her plea and the matter should be remanded for resentencing. Second, if the matter is not remanded for resentencing, Bueno contends that counts two and three must be reversed and the respective enhancements stricken, rather than stayed, since they are lesser included offenses of count 1. Bueno also alleges that the great bodily injury enhancement applied to count 4 must be stricken because, despite being stayed under section 654, it increased the duration of her sentence by decreasing her credit earning capacity. Finally, Bueno claims that the trial court incorrectly calculated the fees and assessments relating to the convictions. We find that that Bueno did not waive her rights to have her sentence imposed by the judge that accepted her plea under *People v. Arbuckle* (1978) 22 Cal.3d 749, 756–757 (*Arbuckle*), and therefore reverse and remand.

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

# PROCEDURAL HISTORY

On July 1, 2016, a criminal complaint was filed against Bueno alleging the five criminal counts described above. On September 23, 2016, Bueno entered a no contest plea to the charges and filled out and signed a change of plea form memorializing the terms of the plea agreement. Bueno also admitted each enhancement in the criminal complaint. As noted on the change of plea form, Bueno entered into an open plea, and had no agreement with the prosecution regarding the length of her potential sentence. While Bueno initialed many of the provisions on the plea form, she marked certain other provisions with an "X".[2] Bueno placed an "X," rather than her initials, in the space provided next to term 31 on the form, which stated "(Arbuckle Waiver) I agree that any judge may impose sentence on me." No discussion of term 31 was raised during the oral pronouncement of her plea.

On December 7, 2016, Bueno was sentenced by a different judge than the one who took her plea. Bueno did not object to the fact that a different judge pronounced her sentence.

# DISCUSSION

## I.    *Arbuckle* **Waiver**

### A.    **Legal Standard**

" '[A] negotiated plea agreement is a form of contract and is interpreted according to general contract principles.' " (*K.R. v. Superior Court* (2017) 3 Cal.5th 295, 304 (*K.R.*); *Doe v. Harris* (2013) 57 Cal.4th 64, 69.) "When enforcing such an agreement,

---

[2] In light of the fact Bueno placed an "X" on provisions that were clearly not applicable to her convictions along with specifically enumerated others, respondent concedes that the "X", as opposed to Bueno's initials, indicated that she was not agreeing to the terms of those provisions of the plea form. Respondent does not argue that the "X" in the *Arbuckle* waiver box constituted a valid waiver of rights as to that provision. Based on our independent review, it is clear that Bueno did not intend to agree to the terms of the plea form which she did not initial.

courts will apply general contract principles ' "to give effect to the mutual intention of the parties." ' " (*K.R.*, *supra*, 3 Cal.5th at p. 304.)  In addition to the express terms of negotiated plea agreements, courts have recognized and incorporated certain implied terms to such agreements.  (*Ibid.*)

In 1978, the California Supreme Court "established a basic background rule applicable to plea negotiations in criminal cases, holding that '[a]s a general principle … whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge.' " (*K.R., supra,* 3 Cal.5th at p. 298 (*K.R.*), citing *Arbuckle*, *supra*, 22 Cal.3d at pp. 756–757.)  "Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (*Arbuckle*, *supra*, 22 Cal.3d at p. 757.)

After *Arbuckle*, "parties to a plea agreement—i.e., the pleading defendant and the prosecuting attorney—remained free to chart a different course by making explicit on the record that the defendant did not care if the same judge pronounced sentence. To do so, the prosecutor need only secure, at the time the plea is accepted, what has come to be known as an '*Arbuckle* waiver.' " (*K.R.*, *supra*, 3 Cal.5th at p. 306.)  However, in the ensuing years, several appellate courts declined to apply *Arbuckle*'s same-judge rule as a categorical presumption, and instead began examining the trial record for evidence of the parties' actual intent.  (*K.R.*, *supra*, 3 Cal.5th at p. 307.)

However, the California Supreme Court has recently rejected the policy shift adopted by some appellate courts.  (*K.R.*, *supra*, 3 Cal.5th at pp. 308-309.)  In *K.R.*, the minor objected to a different judge than the one who took the plea presiding over the disposition, but the trial court denied the objection, finding the minor did not have a reasonable expectation that the judge who accepted the plea would impose the disposition.  (*Id.* at p. 303.)  In reversing, the California Supreme Court held that the

"clear import of *Arbuckle*'s holding is thus contrary to the notion that the implied term of the plea is somehow dependent on a defendant's pointing to evidence in the record of his or her expectation regarding the identity of the sentencing judge." (*Id.* at p. 309.) Instead, the court "adhere[d] to the plain and original understanding of *Arbuckle* that in every plea in both adult and juvenile court, an implied term is that the judge who accepts the plea will be the judge who pronounces sentence. Should the People wish to allow a different judge to preside at sentencing [], they should seek to obtain a waiver from the pleading defendant." (*Id.* at p. 312.)

Further, in *K.R.*, the California Supreme Court rejected the People's argument that a defendant should be able to protect his or her *Arbuckle* rights by " 'specifically negotiat[ing for] an *Arbuckle* term and ensur[ing] it is placed on the record.' " (*K.R.*, *supra*, 3 Cal.5th at pp. 312-313.) "To the extent the People seek to place the burden on a pleading defendant or juvenile to make his or her preferences explicit on pain of forfeiting the right to the same judge at sentencing, the People would turn *Arbuckle* on its head. Under the law as proposed by the People, the *Arbuckle* rule will have morphed from one in which courts should assume the same judge will be the sentencer *unless the prosecution can show otherwise*, to one in which courts will find the same judge will be the sentencer *only if the defendant can show that the parties so intended*. Were we to accept the People's argument, instead of *opting out* with an *Arbuckle waiver*, pleading defendants (and juveniles) would have to affirmatively *opt in* by providing an *Arbuckle invocation*. (*Ibid.*, emphasis in original.) In adopting its holding, the California Supreme Court noted that to the extent certain appellate court decisions "are inconsistent with this opinion, they are disapproved."[3] (*K.R.*, *supra*, 3 Cal.5th at p. 313, fn.10.)

---

[3] The California Supreme Court specifically disapproved of the following cases: *People v. McIntosh* (2009) 177 Cal.App.4th 534, *People v. Hsu* (2008) 168 Cal.App.4th 397, *People v. Adams* (1990) 224 Cal.App.3d 1540 (*Adams*), *People v. Horn* (1989) 213 Cal.App.3d 701 (*Horn*), *People v. Serrato* (1988) 201 Cal.App.3d 761 (*Serrato*),

## B. Analysis

Bueno argues she was denied the ability to be sentenced by the judge who took her plea in violation of her rights under *Arbuckle*, *supra*, 22 Cal.3d at pages 756-757. Respondent, although acknowledging that Bueno did not enter into an *Arbuckle* waiver when her plea was taken, nevertheless argues that she forfeited the claim by not objecting at the time of sentencing. Respondent contends that the Supreme Court in *K.R.* did not decide the issue of forfeiture in the *Arbuckle* waiver context because the defendant in *K.R.* affirmatively objected on *Arbuckle* grounds at trial.

In support, respondent relies primarily on cases specifically disapproved by the California Supreme Court in *K.R.* including *Adams*, *supra*, 224 Cal.App.3d 1540, *Serrato*, *supra*, 201 Cal.App.3d 761, *Ruhl*, *supra*, 168 Cal.App.3d 311, and *Horn*, *supra*, 213 Cal.App.3d 701. Respondent acknowledges that the California Supreme Court "overruled *Horn*, *Adams*, *Serrato*, and *Ruhl* to the extent they were inconsistent with the Supreme Court's conclusion that the ability to enforce the same-judge guarantee was not dependent on a factual showing that she subjectively intended that the judge taking the plea would also pronounce sentence." However, respondent contends that the Supreme Court in *K.R.* did not have occasion to decide whether the forfeiture rule applied to *Arbuckle* waivers. Instead, respondent suggests that we follow the reasoning of *People v. West* (1980) 107 Cal.App.3d 987, 991-992 (*West*), and require defendants to affirmatively object and invoke their right to the same judge at sentencing or otherwise forfeit the claim. As posited in *West*, respondent argues that such forfeiture rule would prevent any gamesmanship on behalf of defendants who may only raise an *Arbuckle* claim if and when they find their sentencing unfavorable.[4] *West* was decided in 1980,

---

*People v. Ruhl* (1985) 168 Cal.App.3d 311 (*Ruhl*), and *In re James H.* (1985) 165 Cal.App.3d 911 (*James H.*).

[4] "[E]ven if a defendant could demand the same judge, he must do so; he does not have the option of taking his chances before the different judge and, if the result is

and predates the appellate court cases listed as disapproved by the Supreme Court in *K.R.* Further, *West* was cited by and relied upon in four of the cases listed as disapproved by *K.R.* (See *Adams*, *supra*, 224 Cal.App.3d at p. 1544; *Serrato*, *supra*, 201 Cal.App.3d at p. 764; *Ruhl*, *supra*, 168 Cal.App.3d at p. 318; *James H.*, *supra*, 165 Cal.App.3d at p. 918.)

Respondent contends *K.R.* overruled the appellate opinions to the extent they required a showing that the defendant expected to be sentenced by the same judge to be entitled to *Arbuckle* rights. But, on the other hand, respondent contends *K.R.* did not address nor overrule the same cases with respect to the applicability of the rule of forfeiture of *Arbuckle* rights. We disagree that *K.R.* can be interpreted so narrowly. First, *K.R.* did not specifically disapprove the listed cases based on a single proposition. Instead, the Supreme Court placed no specific limitation on why the cases were disapproved, and instead stated they were disapproved "[t]o the extent [they] are inconsistent with this opinion." (*K.R.*, *supra*, 3 Cal.5th at p. 313, fn. 10.)

Despite respondent's assertions that *K.R.* did not address the issues of forfeiture or waiver, the argument was raised by the People in *K.R.* The People argued defendants should be required to " 'specifically negotiate an *Arbuckle* term and ensure it is placed on the record.' " (*K.R.*, *supra*, 3 Cal.5th at p. 312.) In response, the Supreme Court held that "[t]o the extent the People seek to place the burden on a pleading defendant or juvenile to make his or her preferences *explicit on pain of forfeiting* the right to the same judge at sentencing, the People would turn *Arbuckle* on its head." (*Ibid.*, emphasis added.) Such a requirement would shift the burden from the prosecution to the defendant and would make *Arbuckle* applicable only if affirmatively invoked, rather than its being

---

unfavorable, then demand the original judge. Appellant did not move for reassignment to Judge McGuire or object to Judge Broderick. He may, for all the record shows to the contrary, have calculated that his chances would be better with Judge Broderick. He made his election and is bound by it." (*West*, *supra*, 107 Cal.App.3d at p. 992.)

an implied term of the plea unless waived. While *K.R.* does not specify when the right would need to be invoked, i.e., if it would need to be invoked during the plea, at sentencing, or both, that is a distinction without a difference. Based on the Supreme Court's interpretation of the *Arbuckle* waiver rule, the burden is never on the defendant to ensure that his or her rights under *Arbuckle* are invoked; rather, it is the prosecution's burden to show that the rights under *Arbuckle* were knowingly and intelligently abandoned.

Further, the dissenting justices in *K.R.* understood the majority's interpretation would not allow for a defendant's *Arbuckle* rights to be forfeited if not invoked. The dissent acknowledged that the majority's holding would create procedural challenges and provide an opportunity for gamesmanship. "Now knowing that a failure to address the issue of who will be the sentencing judge will still preserve a right to the same judge, regardless of the parties' actual expectations [], a defendant entering a negotiated plea will have little incentive to bring to the court's attention a failure to expressly address the issue if it slips the prosecution's attention." (*K.R.*, *supra*, 3 Cal.5th at p. 317 (dis. opn. of Cantil-Sakauye, C.J.) Based on this statement, it was clear to the dissenting justices in *K.R.* that *Arbuckle* rights could not be forfeited by a defendant failing to object. Accordingly, the Court was clearly aware of the potential repercussions that would arise from its decision.[5]

---

[5] The dissent noted the following concerns: "[A] defendant may thereby try to delay his or her sentencing or retain a potential right to withdraw his or her plea. [¶] And given that a same-judge term will hereafter always be implied in negotiated pleas, without reference to the record, and that some defendants may strategically decline to enter an *Arbuckle* waiver, the routine rotation of assignments for judges in multi-judge courts, perhaps sitting in different locations, may be hampered. The use of visiting and temporarily assigned judges, vital in many courts with judicial vacancies or case overloads, will be more difficult. Other practical problems for the administration of our system of plea bargaining may be posed. Although I accept that such difficulties must be accommodated when a same-judge term is part of the parties' actual plea bargain, the burden on our courts under the majority's opinion today is unjustified by any actual

Additionally, we are not persuaded that the reasoning of *K.R.* with regard to forfeiture is dictum that should be disregarded. We acknowledge that in *K.R.*, the issue of forfeiture of the juvenile's *Arbuckle* rights did not arise because the minor did affirmatively object based on *Arbuckle*, but the trial court held that he had no reasonable expectation that the same judge who took his plea would impose his disposition. However, the Supreme Court's discussion of whether a defendant's rights under *Arbuckle* are an implied term of every plea agreement that must be waived rather than a right that will forfeited if not affirmatively invoked is material to its holding. To hold that *Arbuckle* rights are forfeited if not invoked by the defendant would necessarily undermine the main holding of *K.R.,* in which it reaffirmed that the rights under *Arbuckle* are implied as part of every plea bargain, regardless of the defendant's actions or intentions.

Even if the reasoning of *K.R.* is dictum, we find it persuasive. Courts are to be guided by " 'dictum only to the extent it remains analytically persuasive.' " (*People v. Mendoza* (2000) 23 Cal.4th 896, 915.) Further, the appellate court decisions that find that *Arbuckle* rights are forfeited if the defendant does not raise an objection focus solely on the hardships that such a rule would impose on the courts. They ignore the fact that a forfeiture rule would act to relinquish a defendant's rights under *Arbuckle* regardless of whether it was a knowing and voluntary forfeiture on the part of the defendant. Based on the Supreme Court's recent reaffirmance of the implied right under *Arbuckle* to be sentenced by the judge who took the plea, we choose not to follow the forfeiture doctrine set forth in *West* (*West, supra*, 107 Cal.App.3d at pp. 991-992), or any other appellate decision, regardless of whether the decisions were specifically disapproved by the Supreme Court.

---

expectation of the defendant, prosecutor, or trial judge." (*K.R.*, *supra*, 3 Cal.5th at pp. 317-318 (dis. opn. of Cantil-Sakauye, C.J.)

The case should be remanded for resentencing by Judge Moranda, the judge who accepted Bueno's plea. As our Supreme Court recently reiterated, "we adhere to the plain and original understanding of *Arbuckle* that in every plea in both adult and juvenile court, an implied term is that the judge who accepts the plea will be the judge who pronounces sentence. Should the People wish to allow a different judge to preside at sentencing (or, in juvenile cases, disposition), they should seek to obtain a waiver." (*K.R.*, *supra*, 3 Cal.5th at p. 312.) If Judge Moranda is not available for sentencing purposes, then Bueno "must be given the option of proceeding before the different judge available or of withdrawing [her] plea." (*Arbuckle*, *supra*, 22 Cal.3d at p. 757, fn. 5.)

## C. Appellant's Remaining Claims

Bueno's remaining claims challenge terms of her sentence. As we are remanding the matter for resentencing, we need not address whether the terms of this sentence are valid. However, when imposing a new sentence, the trial court should be cognizant that respondent concedes that counts 2 and 3 for violations of Vehicle Code Section 23153 are lesser included offenses of vehicular manslaughter and should be stricken rather than stayed. (See *People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1149.) Additionally, respondent concedes that the fees and assessments were not properly calculated.[6]

---

[6] Finally, we note that it is uncertain whether the great bodily injury enhancement to the child endangerment charge should be stricken (Bueno's third claim). To the extent that the issue remains pertinent at resentencing, the parties should provide the trial court the initial opportunity to address the issue.

10.

**DISPOSITION**

The judgment is reversed.  Bueno must be resentenced by Judge Moranda, the judge who accepted her plea, or, if Judge Moranda is not available, then Bueno must be given the option of proceeding before a different judge or withdrawing her plea.  We express no opinion as to how Judge Moranda should exercise his sentencing discretion.

_____

SNAUFFER, J.

WE CONCUR:

_____

POOCHIGIAN, Acting P.J.

_____

FRANSON, J.

11.