[No. C002934. Third Dist. May 26, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANGELO SERRATO, Defendant and Appellant.

## COUNSEL

Terence K. Sharp, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Joel Carey and Thomas F. Gede, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

EVANS, J.—Under terms of a plea bargain, defendant pleaded guilty to first degree burglary (Pen. Code, § 459) and admitted a prior conviction (Pen. Code, § 667.5, subd. (b)). He was sentenced to four years, the middle term, for the burglary and one year for the prior conviction.

On appeal, defendant contends the court failed to exercise its discretion when it denied him probation and the court committed error because he was sentenced, without an *Arbuckle* waiver, by a different judge than the judge who accepted his plea.[1] We shall affirm.

Defendant's contention he was improperly denied probation fails. ■ A grant or denial of probation is within the discretion of the trial court (*People* v. *Phillips* (1977) 76 Cal.App.3d 207, 213 [142 Cal.Rptr. 658]) and will not be disturbed unless it is shown the court exercised its discretion in an "arbitrary or capricious manner." (*People* v. *Edwards* (1976) 18 Cal.3d 796, 807 [135 Cal.Rptr. 411, 557 P.2d 995].)

Since defendant was convicted of first degree burglary, he was ineligible for probation unless unusual circumstances were found and enumerated on the record by the court. (Pen. Code, § 462.) ■ Unlike the trial court in *People* v. *Marquez* (1983) 143 Cal.App.3d 797 [192 Cal.Rptr. 193], which failed to recognize its discretion to grant probation under the restrictions of Penal Code section 462, the court here recognized and exercised its discretion when it stated: "Mr. Serrato is not eligible for probation unless there are unusual circumstances where the interests of justice would be served. [¶] There are not such unusual circumstances whereby the interests of justice would be served by giving a grant of probation; therefore, probation is denied. [¶] Even if he were eligible for probation, based upon extensive criminal history, the Court would deny probation for him at this time."

Defendant asserts, without authority, his drug and alcohol addictions qualify as facts which may indicate an unusual case, i.e., psychological problems. (Cal. Rules of Court, rule 416(e).)[2] Since the provision of rule 416, "*may* indicate the existence of an unusual case," (italics added) is permissive, not mandatory, the court still had discretion to deny probation even if defendant's addictions qualified. Because the court indicated it would have denied probation even if defendant were eligible, and there is no

---

[1] *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171], held that an implied term of a plea bargain in which a judge retained sentencing discretion is that the sentence will be imposed by that judge. (Pp. 756-757.)

[2] All further rule references are to the California Rules of Court unless otherwise indicated.

indication the court exercised its discretion in an arbitrary or capricious manner, the decision to deny probation will not be disturbed on appeal.

In *People* v. *Arbuckle, supra,* 22 Cal.3d 749, the court held that an implied term of a plea bargain in which the judge retains sentencing discretion is that the judge who accepted the plea will also impose the sentence. (*Id.,* at pp. 756-757.) Here, defendant's plea was accepted by Judge Tochterman and his sentence imposed by Judge Long.

■ "It is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence; rather, the record must affirmatively demonstrate some basis upon which a defendant may reasonably expect that the judge who accepts the plea will retain sentencing discretion. (*In re James H.* (1985) 165 Cal.App.3d 911, 919-920 [212 Cal.Rptr. 61].)" (*People* v. *Ruhl* (1985) 168 Cal.App.3d 311, 315 [214 Cal.Rptr. 93].) Because defendant's plea bargain was for the maximum of the middle term, the sentencing judge had discretion. Defendant had reason to expect Judge Tochterman would be the sentencing judge because of the judge's use of the personal pronoun "I" in accepting the plea. (See *In re Mark L.* (1983) 34 Cal.3d 171, 177 [193 Cal.Rptr. 165, 666 P.2d 22].) Defendant qualified for the rights assured by *Arbuckle*.

■ However, our analysis need not stop here. The next question is whether defendant waived his *Arbuckle* rights. Unlike the defendant in *People* v. *DeJesus* (1980) 110 Cal.App.3d 413 [168 Cal.Rptr. 8], the defendant here did not move for reassignment to the judge who accepted his plea or object to the new judge. A contemporaneous objection requirement has been applied to *Arbuckle* rights. (*In re James H., supra,* 165 Cal.App.3d at p. 918, citing *People* v. *West* (1980) 107 Cal.App.3d 987, 992 [165 Cal.Rptr. 24], *People* v. *DeJesus, supra,* 110 Cal.App.3d at p. 419, and *In re Ray O.* (1979) 97 Cal.App.3d 136, 139, fn. 2 [158 Cal.Rptr. 550].)

In *People* v. *Rosaia* (1984) 157 Cal.App.3d 832 [203 Cal.Rptr. 856], the Fifth District created an exception to the requirement of an objection when it held, "fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea." (*Id.,* at p. 840.) Thus, under *Rosaia, Arbuckle* rights are not waived by a lack of objection unless the record demonstrates the defendant knew of the rights. (*Ibid.*) Because we find such an approach contradicts the logical underpinning of *Arbuckle,* we decline to follow *Rosaia*.

In *Arbuckle,* the court stated, "Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a

particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (22 Cal.3d at p. 757.) Thus, when a defendant enters a bargain, "in expectation of and reliance upon sentence being imposed by the same judge" (*id*. at p. 756), the defendant must be aware he is entitled to this part of the bargain as a matter of right once he enters his plea of guilty. Knowledge by the defendant of his *Arbuckle* right as a part of the plea bargain is implicit in the reasoning of *Arbuckle*. Thus, we conclude, when faced with a different sentencing judge, a defendant must object at that time or waive his *Arbuckle* rights.

To the extent *Rosaia* concludes differently, we reject its reasoning and will not follow it.[3] Although defendant had the right to be sentenced by the same judge who took his plea, we hold he waived this right by failing to make an objection at trial.

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.

---

[3] In *People* v. *Ruhl, supra,* 168 Cal.App.3d 311, all this court acknowledged was that *Rosaia* would not apply retroactively. (See p. 316, fn. 6.)