[No. F010878. Fifth Dist. Aug. 29, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH HORN, JR., Defendant and Appellant.

**COUNSEL**

Geraldine Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ARDAIZ, J.—On July 11, 1988, before Judge Timothy S. Buckley, appellant Joseph Horn, Jr., entered a negotiated guilty plea to the charge of sale of cocaine in violation of Health and Safety Code section 11352, and further admitted that the sale involved cocaine base within the meaning of Penal Code section 1203.073, subdivision (b). As consideration for the plea, a separate case charging appellant with possession of cocaine was dismissed. Sentencing was set for August 8, 1988.

On August 8, appellant appeared for sentencing before Judge Manuel N. Vierra. Appellant did not object to sentencing by Judge Vierra. The court denied probation and sentenced appellant to state prison for the upper base term of five years. The court further imposed a $5,000 restitution fine pursuant to Government Code section 13967 and Penal Code section 1202.4. Appellant timely appealed.

### FACTS[1]

On April 26, 1988, while working with the Kings County Narcotics Task Force, Special Agent Esther Smith of the State Department of Justice, Bureau of Narcotic Enforcement, drove to the area of the Amberwood Apartments in Hanford to attempt to buy drugs. Smith approached a group standing in the driveway of the apartment complex and asked directions to the manager's office. Smith then engaged appellant in a conversation. When another individual mentioned to appellant that he had a "customer," Smith indicated she was interested in purchasing a "$20 rock." Appellant walked to a red Mazda parked nearby and, on returning to Smith's car, sold her one of a large number of clear plastic baggies containing a white rock substance. It was stipulated at the preliminary hearing that the baggie contained .3 grams of a substance containing cocaine base, which Smith testified was a usable amount. Appellant also gave Smith his pager number and assigned her a code number to use in future purchases.

In an interview with the probation officer, appellant admitted selling the cocaine base to Smith, but claimed the drugs belonged to his "cousin," who was "tripping"; appellant stated he sold the drugs as a favor to the agent, to get her out of a bad neighborhood, away from "those other dud[e]s."

### DISCUSSION

Relying on *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] and its progeny, appellant argues the

---

[1] Our summary is taken from the preliminary hearing transcript and probation report.

judgment must be set aside and the matter remanded because the record does not show he knowingly waived his right to enforce the implied term of his plea bargain that he would be sentenced by the same judge who accepted his plea.

In *Arbuckle* the court held the right to be sentenced by the same judge as the one who accepted the plea was an implied term of the bargain where the record reflected the plea bargain had been "entered in expectation of and reliance upon sentence being imposed by the same judge." (22 Cal.3d at p. 756.) The judge accepting the plea specifically led the defendant to believe he would be the sentencing judge by use of the personal pronoun "I" when referring to sentencing in the proceeding in which the plea bargain was accepted. (*Ibid.*)

The Supreme Court stated: "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (22 Cal.3d at pp. 756-757.)

Subsequently, several attempts were made to distinguish *Arbuckle* where the judge accepting the plea did not use the personal pronoun when accepting the plea or when discussing sentencing. (*In re Thomas S.* (1981) 124 Cal.App.3d 934, 939 [177 Cal.Rptr. 742]; *People v. Pedregon* (1981) 115 Cal.App.3d 723, 725 [171 Cal.Rptr. 468]; *People v. De Jesus* (1980) 110 Cal.App.3d 413, 419 [168 Cal.Rptr. 8]; *In re Ray O.* (1979) 97 Cal.App.3d 136 [158 Cal.Rptr. 550].) In *In re Ray O.,* this court rejected the argument stating: "We do not consider that significant and are not persuaded that grammar should or does expressly preclude any reliance by Ray O. that the same judge would be presiding at the dispositional hearing." (97 Cal.App.3d at p. 139.)

The California Supreme Court reaffirmed *Arbuckle* in *In re Mark L.* (1983) 34 Cal.3d 171, 175-176 [193 Cal.Rptr. 165, 666 P.2d 22]. However, in *Mark L.,* the court stressed the significance the record plays in determining whether the defendant had a reasonable expectation that the judge who accepted his plea would also impose the sentence. The court stated: "We emphasize that here, as in *Arbuckle,* the record indicates an actual assumption by the court and parties that the officer taking the plea would have final and exclusive dispositional authority. Browning made repeated references to the dispositions 'the Court' could or might impose, 'though I'm not saying' what the court 'is going to' do. In context, Browning's interchange-

able use of the personal pronoun with the phrase 'the Court' implied that he and 'the Court' were one and the same. [Citation.]

"If any doubt on that score remained, Browning laid it to rest by announcing Mark's right to have 'the same judicial officer' who took the plea handle the disposition. That was an obvious reference to *Arbuckle,* and the deputy district attorney did not object. Despite Browning's usual assignment elsewhere, considerable effort was expended to ensure that he, rather than some other judge or referee, would act at the dispositional phase." (34 Cal.3d at p. 177.) Based on these factors, the court in *Mark L.* held: "There seems ample basis to conclude 'that the plea bargain herein was entered in expectation of and reliance upon [disposition] being imposed by the same [judicial officer].' [Citation.]" (*Ibid.*)[2]

After *Mark L.,* we continued to hold *Arbuckle* stands for the proposition that "unless the record indicates otherwise, a defendant will be deemed to have negotiated for the imposition of sentence by the judge who accepted the guilty plea whenever the plea leaves judicial discretion to be exercised at the time of sentencing." (*People v. Davis* (1988) 205 Cal.App.3d 1305, 1309 [252 Cal.Rptr. 924].) In *People v. Rosaia* (1984) 157 Cal.App.3d 832 [203 Cal.Rptr. 856], we rejected the argument that the *Arbuckle* term should be implied only where the record affirmatively reflects a reasonable basis for the defendant's expectation that he would be sentenced by the same judge as the one who accepted his plea. (*Id.* at p. 837.)

Contrary to *Rosaia,* after *Mark L.,* several courts refused to imply in all plea bargains the term that the judge who accepts the plea will also impose the sentence. Rather, they require that " 'the record . . . affirmatively demonstrate some basis upon which a defendant may reasonably expect that the judge who accepts the plea will retain sentencing discretion.' " (*People v. Serrato* (1988) 201 Cal.App.3d 761, 764 [247 Cal.Rptr. 322]; *People v. Ruhl* (1985) 168 Cal.App.3d 311, 315 [214 Cal.Rptr. 93]; cf. *In re James H.* (1985) 165 Cal.App.3d 911, 919-920 [212 Cal.Rptr. 61].) Based upon a consideration of those cases, we have reconsidered our position in *Rosaia.*

In *In re James H., supra,* 165 Cal.App.3d 911, 919, the court noted that appellate courts prior to *Mark L.* had discounted the significance of the

---

[2] We recognize that in *Mark L.* the specific factual scenario was whether *Arbuckle* applied when the plea was entered before a juvenile court officer other than a regular judge. Even though the references in the record clearly implied that the same judicial officer taking the plea would sentence, the court confronted the issue of whether the *Arbuckle* term was unenforceable because the referee had no authority to bind a juvenile judge or because no reasonable reliance upon his authority could have arisen. The court concluded the parties in effect stipulated that the referee sat as a temporary judge thus directly confronting the applicability of *Arbuckle* to the circumstances of the plea. We, therefore, regard *Mark L.*'s references to the record as directly applicable to the issue before us.

record in determining whether the defendant had a reasonable expectation that the plea judge and the sentencing judge would be the same. The court concluded *Mark L.* "reaffirmed" the importance of the use of the personal pronoun by the plea judge when referring to sentencing. (*Ibid.*) The court stated: "*Arbuckle* did not hold that it is always an implied term of a plea bargain that the judge who accepts the admission or plea will impose the sentence; instead, *Arbuckle* stated that such was 'a general principle.' (*People* v. *Arbuckle, supra,* 22 Cal.3d at p. 756; see *In re Mark L., supra,* 34 Cal.3d at p. 180.) The *Arbuckle* court also noted that the trial judge had repeatedly used the personal pronoun when referring to sentencing in the proceeding in which the plea bargain was accepted. (*People* v. *Arbuckle, supra.*) While this factor was initially discounted by a number of appellate courts [citations], the Supreme Court later reaffirmed its importance and discussed other similar factors. *In re Mark L., supra,* 34 Cal.3d at page 177, emphasized that, '. . . as in *Arbuckle,* the record indicate[d] an actual assumption by the court and parties that the officer taking the plea would have final and exclusive dispositional authority. [The trial judge] made repeated references to the dispositions "the Court" could or might impose "though I'm not saying" what the court "is going to" do. In context, [the trial judge's] interchangeable use of the personal pronoun with the phrase "the Court" implied that he and "the Court" were one and the same.' *In re Mark L.* then noted that the trial judge announced the minor's right to have the same judicial officer who took the admission handle the disposition, and that despite the trial judge's usual assignment elsewhere, considerable effort was expended to insure that he would act at the dispositional phase. (*Ibid.*) Based on these factors *In re Mark L.* held that '[t]here seems ample basis to conclude "that the plea bargain herein was entered in expectation of and reliance upon [disposition] being imposed by the same [judicial officer]." ' (*Ibid.,* quoting *People* v. *Arbuckle, supra,* 22 Cal.3d at p. 756.)" (*Id.* at pp. 919-920.)

The *James H.* court held the minor had no reasonable expectation that "his dispositional hearing would be before the . . . judge who took his admission." (*In re James H., supra,* 165 Cal.App.3d at p. 919.) The court reasoned: "The record in the instant case does not contain the type of factors relied on in *Arbuckle* and *In re Mark L.* to support the assumption that the admission was entered in expectation of and reliance upon disposition being imposed by the same judge; rather, it is analogous to the record before *Miskiewicz.* In accepting minor's admission to the petition in the instant case, the Los Angeles Superior Court judge neither used the personal pronoun in referring to the dispositional hearing, nor expended any effort to insure that he would act at the dispositional phase. [Citation.] Moreover, minor was forewarned a number of times that the San Bernardino court, not the Los Angeles court, would handle disposition of minor's case. For

instance, the attorney appointed for the arraignment was 'to represent the minor for [that] hearing only.' Minor's guardian told the court that yes, he was 'willing to take this minor to San Bernardino County at the time they designate[d].' Minor's attorney waived *Arbuckle* and the time for disposition for the minor. Immediately thereafter the court stated: 'Okay. In the matter the Court makes the finding that the minor's true residence is in San Bernardino County, and the matter is continued in all of its aspects for disposition and other proceedings to San Bernardino Juvenile Court.'" (*Id.* at p. 920.)

Relying on *James H.,* the court in *People* v. *Ruhl, supra,* 168 Cal.App.3d 311 [214 Cal.Rptr. 93] rejected the defendant's claim of *Arbuckle* error. The *Ruhl* court held: "It is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence; rather, *the record must affirmatively demonstrate some basis upon which a defendant may reasonably expect that the judge who accepts the plea will retain sentencing discretion.*" (*Id.* at p. 315, italics added.)

In *Serrato,* the court adopted the above underscored test in *Ruhl* and concluded the record supported defendant's reasonable expectation that the judge accepting the plea would also impose sentence because of the use of the personal pronoun "I" by the judge accepting the plea. (*People* v. *Serrato, supra,* 201 Cal.App.3d at p. 764.) Accordingly, "[d]efendant qualified for the rights assured by *Arbuckle*." (*Ibid.*)

Like the court in *James H.,* we now conclude *Mark L.* further defined the applicability of *Arbuckle* to those cases where the record affirmatively supports a defendant's reasonable expectation the judge accepting his plea will also impose sentence. It is only in those cases where such a term will be implied in the plea bargain. If the term is implied in all cases merely because a stipulated sentence was not part of the plea bargain, query why the Supreme Court in *Mark L.* engaged in a lengthy discussion of the factors supporting the defendant's expectation prior to holding "[t]here seems ample basis to conclude 'that the plea bargain herein was entered in expectation of and reliance upon [disposition] being imposed by the same [judicial officer].' [Citation.]" (*Mark L., supra,* 34 Cal.3d at p. 177.) We doubt the court would not only engage in a lengthy discussion of these facts but also "emphasize" their significance if these facts were irrelevant in determining whether the term should be implied in the plea bargain.

We adopt *Serrato, Ruhl,* and *James H.* to the extent they hold: " 'It is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence; rather, the record must affirmatively demonstrate some basis upon which a defendant may reasonably expect that the judge

who accepts the plea will retain sentencing discretion. (*In re James H.* (1985) 165 Cal.App.3d 911, 919-920 . . . .)' (*People v. Ruhl* (1985) 168 Cal.App.3d 311, 315 . . . .)" (*People v. Serrato, supra,* 201 Cal.App.3d at p. 764.)

Accordingly, this court disapproves its previous opinions in *Davis, supra,* 205 Cal.App.3d 1305, *Rosaia, supra,* 157 Cal.App.3d 832, and *In re Ray O., supra,* 97 Cal.App.3d 136, to the extent they either hold or suggest the *Arbuckle* term is implied in all plea bargains even in the absence of an affirmative showing on the record supporting a reasonable expectation that the judge who accepted the plea will also impose sentence.

■ Having so held, we next address the issue of whether a defendant's failure to object when faced with a different sentencing judge waives the right to enforce the implied term of the plea bargain that sentence will be imposed by the judge accepting the plea.[3] In *Rosaia* we held the failure to object when faced with a different sentencing judge does not constitute a waiver of the right to enforce the implied term of the plea bargain unless "the *record* demonstrate[s] the defendant's knowledge of his *Arbuckle* rights . . . ." (*People v. Rosaia, supra,* 157 Cal.App.3d at p. 840, italics in original.)

In *People v. Serrato, supra,* 201 Cal.App.3d at pages 764-765, the Third District rejected *Rosaia* stating: "In *People v. Rosaia* [citation], the Fifth District created an exception to the requirement of an objection when it held, 'fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea.' [Citation.] Thus, under *Rosaia, Arbuckle* rights are not waived by a lack of objection unless the record demonstrates the defendant knew of the rights. [Citation.] Because we find such an approach contradicts the logical underpinning of *Arbuckle,* we decline to follow *Rosaia.*

"In *Arbuckle,* the court stated, 'Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea.' [Citation.] Thus, when a defendant enters a bargain, 'in expectation of and reliance upon sentence being imposed by the same judge' [citation], the defendant must be aware he is entitled to this

---

[3] The parties herein make no distinction between waiver of the issue for purposes of appeal (*James H., supra,* 165 Cal.App.3d at pp. 918-919) and waiver of the right to enforce the implied term of the plea bargain. (*Serrato, supra,* 201 Cal.App.3d at p. 705.) Accordingly, we do not address the significance, if any, of this distinction.

part of the bargain as a matter of right once he enters his plea of guilty. Knowledge by the defendant of his *Arbuckle* right as a part of the plea bargain is implicit in the reasoning of *Arbuckle*. Thus, we conclude, when faced with a different sentencing judge, a defendant must object at that time or waive his *Arbuckle* rights."

*Serrato*'s analysis is premised on the conclusion, which we now accept, that the term will not be implied unless the record affirmatively demonstrates a basis on which a defendant could reasonably expect the judge who accepted the plea would also impose sentence. If the record so reflects, it necessarily follows the defendant, when faced with a different sentencing judge, realizes his expectations are not being met.

Nonetheless, although we diverge slightly from the analysis in *Rosaia,* we hold the failure to object does not waive a defendant's right to enforce the implied term of the plea bargain. *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211] rejected the notion that the defendant's negative response when asked, " 'Is there any just or legal cause why sentence should not now be pronounced?' " (*id*. at p. 864) waived his right to enforce an express term of his plea agreement. The court stated: "Moreover, the mere silence of defendant in response to the allocution does not meet the normal requirements of a waiver. A waiver may occur by an intentional relinquishment or as the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished . . . ." (*Id.* at p. 865.)

Similarly here, absent some affirmative statement or conduct by the defendant acknowledging waiver of the implied term, silence at the time of sentencing is insufficient to constitute a waiver of the right to enforce the implied term.

Although silence does not constitute a waiver of the implied term, a defendant's failure to object is relevant in determining whether the record supports the conclusion that the plea was entered in reliance on the sentencing judge being the same as the judge accepting the plea. The defendant's failure to object is relevant in determining whether an *Arbuckle* right was ever a term of the plea. A defendant's failure to object when faced with a different sentencing judge suggests he did not enter his plea in reliance on or with the understanding that the judge accepting his plea would also impose sentence.

*Arbuckle* was decided in 1978 and has been broadly emphasized in judicial literature. Accordingly, it is reasonable to assume competent counsel is

aware of *Arbuckle*. If counsel believed sentencing by the same judge as the one accepting the plea was an implied term of the plea bargain, competent counsel would certainly object when faced with a different judge at the time of sentencing. Counsel's failure to object under such circumstances suggests sentencing by the same judge as the one accepting the plea was not an implied term of the plea bargain.

■ Here, when advising appellant of the consequences of his plea, the court stated: "Do you also understand that I'd be required to order that you pay from one to $10,000.00 into the State Restitution Fund?" Although this statement, standing alone, is minute in comparison to the factors relied on in *Arbuckle* and *In re Mark L.*, it nonetheless provides some basis to conclude appellant reasonably believed the judge accepting his plea would also impose sentence. However, no objection was made when faced with a different judge at the time of sentencing. As previously stated, the failure to object under such circumstances suggests the plea was not entered in reliance on being sentenced by the judge who accepted the plea. Given the relatively weak showing supporting the implied term combined with the failure to object when faced with a different sentencing judge, we conclude the record does not support an implied term that sentencing would be by the same judge as the judge accepting the plea.

Because sentencing by the same judge as the judge who accepted the plea was not an implied term in the present case, the plea bargain was not violated when appellant was sentenced by Judge Vierra.

The judgment is affirmed.

Best, Acting P. J., and Stone (W. A.), J., concurred.

A petition for a rehearing was denied September 19, 1989, and appellant's petition for review by the Supreme Court was denied November 15, 1989. Mosk, J., was of the opinion that the petition should be granted.