Filed 10/29/14  P. v. Chaney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C073949 |
| Plaintiff and Respondent, | (Super. Ct. No. 05CR08104) |
| v. | |
| CLIFFORD PAUL CHANEY, | |
| Defendant and Appellant. | |

Defendant Clifford Paul Chaney has eight strikes:  six robberies with arming enhancements and two first degree burglaries.  These eight strikes arose from two separate incidents in which defendant and two others robbed the same chemical laboratory and imprisoned 20 employees.

Defendant's current offense for which he was sentenced to prison for 25 years to life in 2005 was driving under the influence of alcohol (DUI) with prior convictions for three other DUI's, two of which resulted in injuries.  When he committed the current

1

DUI, he was on two grants of probation. Following his current DUI conviction, defendant explained he "drinks too much" and is "emotionally weak."

In this appeal, defendant challenges the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act). Under the Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286 (*Kaulick*).) If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code,[1] § 1170.126, subd. (f).)

The court based the denial on its finding that "[t]he [c]ourt cannot in good conscience say that you do not pose an unreasonable risk to the public safety if released. The [c]ourt is not convinced that you would not re-engage in alcohol use and place the public at risk." The court cited defendant's numerous DUI's that caused injuries, stating drinking was the root of his criminality.

On appeal, defendant contends: (1) the court erred by allowing his petition to be heard by a different judge than the one who originally sentenced him; (2) the court erred by not obtaining a supplemental probation report; and (3) the court abused its discretion in denying the petition.

We hold: (1) defendant forfeited his right to have the original sentencing judge hear his petition; (2) no supplemental probation report was required; and (3) the court acted well within its discretion in denying the petition.

---

[1]     All further section references are to the Penal Code.

## DISCUSSION

## I

### *Defendant Forfeited His Right*

### *To Have The Original Sentencing Judge Consider His Petition*

"Penal Code section 1170.126, subdivision (b) specifies that a prisoner petitioning for resentencing must file the petition 'before the trial court that entered the judgment of conviction in his or her case.' The reference to 'the trial court that entered the judgment' is clearly a reference to the trial judge. This is confirmed by a later subdivision, which uses the terms 'judge' and 'court' interchangeably, when identifying the judicial officer who must rule on the petition. (Pen. Code, § 1170.126, subd. (j).) Penal Code section 1170.126, subdivision (j) provides, 'If the court that originally sentenced the defendant is not available to resentence the defendant, the presiding judge shall designate another judge to rule on the defendant's petition.' [¶] It is therefore clear that the initial sentencing judge shall rule on the prisoner's petition." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1300-1301.)

Defendant contends the court erred by allowing his petition to be heard by a different judge than the one who originally sentenced him to his three strikes' sentence. Defendant has forfeited this contention by not objecting in the trial court. In a similar context, our court has held that where a defendant does not object to sentencing by a judge other than the one who accepted his plea, the defendant has forfeited his right to later contend he was entitled to have the original judge sentence him. (*People v. Serrato* (1988) 201 Cal.App.3d 761, 764-765 [defendant waives his right to have the same judge who accepted the plea also sentence him when he fails to object to a different judge as the sentencing judge in the trial court]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880, fn. 1 ["correct term is 'forfeiture' rather than 'waiver' "].)

3

## II

*The Trial Court Did Not Need To Obtain A Supplemental Probation Report*

Defendant contends the court erred in failing to obtain a supplemental probation report before denying his petition.  He acknowledges that this subject "was not raised by the prosecutor, defense counsel, or the court at any time."

The People contend defendant forfeited any right to such a report, citing *People v. Johnson* (1999) 70 Cal.App.4th 1429.  In *Johnson*, the Fourth District Court of Appeal held that a "defendant has waived his right to object to the absence of a supplemental [probation] report by failing to do so in the trial court."  (*Johnson*, at p. 1433.)

A later case by this court has held that when a supplemental probation report is *required*, an appellate court cannot infer forfeiture because there must be a written stipulation of waiver of the supplemental report or a stipulation orally in open court.  (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 182.)  This court relied on section 1203, subdivision (b)(4), which provides as follows:  "The preparation of the report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that a waiver shall not be allowed unless the court consents thereto."

Here, because the preparation of a supplemental probation report was not required, there did not have to be a written or oral stipulation of waiver.  California Rules of Court, rule 4.411(c) provides:  "The court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared."  The hearing here was not a "sentencing proceeding[]." "There are . . .  three . . . determinations at issue under Penal Code section 1170.126, subdivision (f):  First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and

4

resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1299.)

The trial court found that defendant's release would pose an unreasonable risk of danger to public safety, so it never reached the third step of resentencing him. Thus, the court was not required to obtain a supplemental probation report, and the rule of forfeiture in *Johnson* applies here. (*People v. Johnson*, *supra*, 70 Cal.App.4th at p. 1433; *In re Sheena K.*, *supra*, 40 Cal.4th at p. 880, fn. 1 ["correct term is 'forfeiture' rather than 'waiver' "].)

III

*The Court Was Well Within Its Discretion To Deny Defendant's Petition*

Defendant contends the court abused its discretion in denying his petition. Included in this contention are defendant's arguments that: (a) the court shifted the burden of proof to him and did not make the required finding; (b) there was no substantial evidence that resentencing him posed an unreasonable risk of danger to public safety; and (c) the court failed to consider conditions of resentencing to reduce his risk upon release.

A

*The Court Did Not Shift The Burden Of Proof To Defendant;*

*The Court Made The Required Finding*

According to defendant, the court shifted the burden of proof to him and did not make the required finding to deny the petition. The record shows otherwise on both points.

In the People's opposition to defendant's petition, the People stated that once defendant showed he was eligible for resentencing, "the burden likely shifts to the People to demonstrate that he poses an unreasonable risk of danger to public safety if released." Consistent with this position (and fixing the standard of proof at preponderance of evidence), at the hearing that took place after defendant established he was eligible for resentencing, the court began by asking the People to present evidence and their

5

witnesses.  At the conclusion of their evidence and witnesses, the People argued to the court that defendant "poses an unreasonable risk of danger to the public if he's released" and then the "People rest[ed]."  Thus, contrary to defendant's contention, the court placed the burden of proof on the People.[2]

As to defendant's second argument that the court did not make the required finding, again, the record shows otherwise.  Before the court announced its ruling, the court stated, "[the court] has to decide, based upon your history, whether you pose an unreasonable risk to the public."  When making that finding, the court stated, "[t]he [c]ourt cannot in good conscience say that you do not pose an unreasonable risk to the

---

[2]    Defendant also argues (with a limited discussion) about the standard of proof.  As noted, the court stated the standard was preponderance of evidence that resentencing defendant would pose an unreasonable risk to public safety.  Defendant argues the standard was proof beyond a reasonable doubt.  Not so.

As explained in *Kaulick*, "[t]his argument presumes that a finding of dangerousness is a factor which justifies enhancing a defendant's sentence beyond a statutorily presumed second strike sentence" and  "that, once the trial court concluded that he was *eligible* for resentencing under the Act, he was subject *only* to a second strike sentence, *unless* the prosecution established dangerousness." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1301, 1302.)

"The statutory language, however, is not amenable to [the defendant]'s interpretation."  (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1302.)  "The maximum sentence to which [the defendant] . . . is subject was . . . the indeterminate life term to which he was originally sentenced. . . .   As such, a court's discretionary decision to decline to modify the sentence in his favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*Id.* at p. 1303.)

We also agree with *Kaulick* (and the trial court) that "the proper standard of proof is preponderance of the evidence.  Evidence Code section 115 provides that, '[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.'  There is no statute or case authority providing for a greater burden, and [the defendant] has not persuaded us that any greater burden is necessary." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1305, fn. omitted.)

6

public safety if released. The [c]ourt is not convinced that you would not re-engage in alcohol use and place the public at risk."

This finding was what the Act required. Under the Act, defendant "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Here, the court found that defendant posed an unreasonable risk to public safety if released because he likely would reengage in alcohol use and place the public at risk, which was exactly the finding the court was required to make. We turn to the evidence supporting that finding next.

B

*The Court Did Not Abuse Its Discretion In Finding That Defendant's Resentencing Posed An Unreasonable Risk Of Danger To Public Safety*

Defendant contends there was no substantial evidence that resentencing him posed an unreasonable risk of danger to public safety. We review a trial court's finding here for abuse of discretion, under which it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show, for example, the court was unaware of its discretion or acted arbitrarily. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].)

Defendant's argument is based on his belief that the court should not have found that his *prior* alcohol abuse made him a *current* danger to public safety. The problem with defendant's argument is a rational basis existed for the court to believe that defendant's prior alcohol abuse and current state was predictive of his current dangerousness. Although defendant points out that there was no evidence he had used alcohol for the last eight years, there was also no evidence presented that defendant

7

completed any alcohol abuse programs or otherwise rehabilitated himself from his alcoholism.  And, as the court noted, alcoholism was the root of his criminality.

When defendant was released from prison following his sentence for the laboratory robberies in April 1995, only four months later, in August 1995, defendant drove his car under the influence of alcohol, colliding head-on with another car, injuring three people in that car.  He was sentenced to prison for four years.  Within a few years of his release from prison, in October 2002, he again drove his car under the influence of alcohol into the wall of a restaurant causing the partial collapse of a wall, injuries to the restaurant cook, and destruction of property.  Two years later, in March 2004, he drove his car under the influence of alcohol yet again.  Despite spending time in jail and having his license revoked, in June 2005, only months after being released on his last DUI and while still on probation with a revoked license, defendant committed his current DUI offense, which landed him in prison for 25 years to life.  Thus, defendant's pattern is a return to alcoholism when free in society with dangerous consequences.  Defendant has not shown the court's exercise of its discretion was an abuse.

## C

### *The Court Did Not Have To Consider Conditions Of Resentencing,*
### *And There Was No Error In The Court's Failure To Do So Here*

Defendant contends the court abused its discretion by failing to consider conditions of resentencing to reduce his risk upon release.  There was no abuse.  There is no authority that requires the court to consider conditions of resentencing to reduce a defendant's risk upon release under the Act.  Moreover, defendant has demonstrated his failure to comply with supervised release, given that he was on two grants of probation when he committed the current DUI offense.

## DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

                                         _____ROBIE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.