Filed 11/12/14  P. v. Harmon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C075608 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13384) |
| v. | |
| RHONDA MAE HARMON, | |
| Defendant and Appellant. | |

Defendant Rhonda Mae Harmon appeals her sentence of two years in prison for first degree burglary.  On appeal, defendant contends the trial court abused its discretion in denying probation because the underlying facts of the burglary and her reduced culpability support an unusual case finding and grant of probation.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2013, defendant pled no contest to first degree burglary in exchange for the dismissal of a charge of possessing methamphetamine.  The plea agreement

required her to complete a residential rehabilitation program to earn an unusual case finding and grant of probation. If she did not complete the program for any reason, she was subject to the low term of two years in prison.

Defendant was released from custody on July 12, 2013, to enter the residential rehabilitation program, Teen Challenge. A review hearing was set for August 12, but defendant was not required to be present if she was in the program.

On July 23, 2013, Teen Challenge released defendant from the program on medical leave to have dental work done. Defendant appeared before the court the next day, on July 24, and was ordered to return for the review hearing on August 12 to check the status of her medical problems and possible reentry into Teen Challenge. The court also ordered defendant to remain at the "Depot" while her medical problems were addressed.

Defendant failed to appear at the review hearing on August 12; however, the court stayed execution of an arrest warrant so her attorney could find out whether she was at the "Depot." The following week, defendant appeared in court, and her attorney confirmed she was still on medical leave from Teen Challenge and on the wait-list for the "Depot." The court continued the case to September 3 for review and ordered defendant be present unless in the program.

Defendant again failed to appear on September 3. A letter from Teen Challenge, dated August 23, 2013, indicated defendant had not complied with the guidelines given to her upon release. At the September 3 hearing, defendant's attorney confirmed defendant did not follow the policy for medical leave and had been discharged from the program. The court issued an arrest warrant and relieved defendant's attorney of further representation.

Defendant was arrested on November 20, 2013, and appeared for sentencing on December 23.

The trial court stated it was its policy to warn defendants not to walk away from a rehabilitative program and to come back to court within 48 hours if there are problems. The trial court noted defendant left her program and then "just walk[ed] away" from court-ordered review hearings in August and September. Defendant had been ordered to be personally present at every review hearing unless she was actually in the program. Defendant knew this policy and failed to appear at her review hearing.

The court emphasized that defendant had an opportunity to complete the rehabilitative program then failed to show up to court until probation had to find her. In addition, the trial court reviewed the probation officer's report along with sentencing memoranda filed by the prosecution and defense counsel. The court stated, "Had she taken care of the dental issue, returned to the program and completed it, everything would have been great, but she didn't. Or even shown up on September 9th[1] -- then I would have looked at seriously what she had to say." Based on defendant's conduct, the trial court declined to make an unusual case finding and ruled defendant was not a suitable candidate for probation. The court sentenced her to the low term of two years in prison.

DISCUSSION

Defendant asserts that the trial court abused its discretion because: (1) it acted based on mistaken facts; (2) the burglary was less serious; (3) she was willing to engage in treatment; and (4) she admitted responsibility early in the proceeding. We disagree.

A trial court has broad discretion to grant or deny probation, except where otherwise limited by statute, and a decision denying probation will be reversed only upon a clear showing of abuse and that the court acted in a capricious or arbitrary manner. (*People v. Marquez* (1983) 143 Cal.App.3d 797, 803.) A person convicted of first degree burglary of an inhabited dwelling house is statutorily ineligible for probation unless the

---

**1** It appears this was meant to be a reference to the review hearing on September 3; defendant does not argue otherwise.

court finds unusual circumstances where the interests of justice would best be served by granting probation. (Pen. Code, § 462, subd. (a); *People v. Serrato* (1988) 201 Cal.App.3d 761, 763.) In determining whether a case is "unusual," the court may consider "[a] fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case." (Cal. Rules of Court, rule 4.413(c)(l); *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 832.)

Mere suitability for probation does not overcome the presumption against probation; if the statutory limitations on probation are to have any substantial scope and effect, "unusual cases" and "interests of justice" must be narrowly construed. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) A court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information can constitute a denial of due process. (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080.) However, a trial court is deemed to have considered all relevant criteria in deciding whether to grant probation or in making any other discretionary sentencing choice, unless the record affirmatively shows otherwise. (Cal. Rules of Court, rule 4.409; *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313.)

With regard to the seriousness of the burglary she committed, as the People point out, "whether or not appellant took valuable items in the commission of the burglary does not define the seriousness of the crime." We agree with the People that a dangerous situation created by a burglary is not mitigated by defendant's choice to steal items of little value (popcorn and a pair of pants).

Defendant also contends the trial court abused its discretion when it denied probation based on mistaken facts that were critical in its sentencing determination. Specifically, defendant asserts that the trial court relied on erroneous findings that defendant walked out of the program, did not contact the court within 48 hours, and had opportunities to complete the program. We conclude that defendant misreads the trial court's reasoning.

4

First, the trial court did not find that defendant walked out of her program. The trial court recognized that defendant had been released from the program on medical leave to have dental work done. We understand the court's comment that defendant "just walk[ed] away" to relate to defendant's failure to appear at the review hearings in August and September.

Second, while it is not entirely clear from the record whether the trial court may have been confused or mistaken about defendant's appearance before the court within 48 hours of her release from the program on medical leave, that the trial court did not expressly acknowledge defendant's court appearance on July 24 does not show the court made a factual error that affected its decision to deny probation. The focus of the court's concern was defendant's failures to comply with the court's orders to appear in court. Defendant was directed to resolve her medical problems, stay at the "Depot," and return to court on August 12 for a review hearing. When defendant finally appeared in court on August 19, she had not resolved her medical problems, she was not staying at the "Depot," and she had missed her August 12 review hearing. She subsequently failed to appear at her September review hearing also and only appeared for sentencing after arrest.

Finally, the trial court was correct that defendant had the opportunity to complete the program. The trial court initially ordered her released from custody to Teen Challenge in July 2013. The trial court subsequently granted two review hearings through August and September to give defendant the opportunity reenroll in the program. Based on review of the record, the trial court did not make its decision on mistaken or incorrect information.

Defendant contends the trial court abused its discretion in denying probation because this was a case of unusual circumstances warranting a grant of probation.

5

Defendant argues the trial court failed to make an individualized sentencing determination and failed to consider the California Rules of Court governing the determination of whether the presumption against probation was overcome. We disagree.

The standard of review for a trial court's unusual case finding is abuse of discretion. (*People v. Cazares* (1987) 190 Cal.App.3d 833, 837.) The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. (*Ibid*.) In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review. (*People v. Superior Court (Du)*, *supra*, 5 Cal.App.4th at p. 831.)

Here, defendant has not carried her burden of showing that the trial court abused its discretion in finding that the circumstances of the case were not unusual. First, defendant's contention that the trial court failed to make an individualized sentencing determination is meritless. At sentencing, the court stated: "Her own conduct is what's causing me to not make the unusual case finding." That the trial court cited specific instances of defendant's conduct shows that this was an "individualized" determination. (See *People v. Stuart*, *supra*, 156 Cal.App.4th at p. 178.) The trial court did not abuse its discretion in its analysis of defendant's conduct as the basis for denying probation.

Second, defendant is incorrect in asserting that the trial court failed to consider the California Rules of Court governing the determination of whether the presumption against probation was overcome. (Cal. Rules of Court, rule 4.413(c).) The facts that "may indicate the existence of an unusual case" are set forth in California Rules of Court, rule 4.413(c). This language is permissive, not mandatory. (*People v. Stuart*, *supra*, 156 Cal.App.4th at p. 178.) Furthermore, these enumerated facts in the California Rules of Court do not prohibit the application of additional criteria reasonably related to the decision being made. (Cal. Rules of Court, rule 4.408(a).)

Here, the trial court read the probation officer's report along with the sentencing memoranda filed by the prosecution and by defense counsel. Reasonably related to the decision of an unusual case finding is defendant's prior criminal conduct. (Cal. Rules of Court, rule 4.414(b)(1).) Defendant's brief indicated that she had four misdemeanor convictions and three of the four occurred after the death of her husband and were directly related to her methamphetamine addiction. Defendant's criminal history compounded with defendant's two missed court review hearings supports the trial court's finding that the case was not unusual.

The trial court was not convinced defendant established an intention to seek help or that defendant would respond favorably to treatment. The court stated, "Had she taken care of the dental [problem], returned to the program and completed it, everything would have been great, but she didn't. Or even shown up on September [3rd] -- then I would have looked at seriously what she had to say." That defendant did not take care of her dental problem and return to Teen Challenge before her review hearing did not show her intention to seek help for her problem or a high likelihood defendant would respond favorably to treatment required as a condition of probation.

The trial court's specific references to defendant's conduct indicate the court took the relevant facts into account, including defendant's failure to complete the program, failure to comply with conditions of her release on her own recognizance, and failure to appear at court-ordered review hearings. That the trial court opted not to make an unusual case finding on such conduct is not evidence the court acted in a capricious or arbitrary manner.

## DISPOSITION

The judgment is affirmed.

                                    ROBIE          , J.



We concur:



         NICHOLSON      , Acting P. J.



         DUARTE        , J.

8