Filed 3/5/25  P. v. Johnson CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C100805 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2303343) |
| v. | |
| RYAN COLLIN JOHNSON, | |
| Defendant and Appellant. | |

Defendant Ryan Collin Johnson pled no contest to making criminal threats and requested that the trial court grant him probation although he was presumptively ineligible under Penal Code[1] section 1203, subdivision (e)(4).  The trial court declined to make an unusual case finding and sentenced Johnson to the low term of 16 months in prison.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, Johnson contends the trial court erred by not finding the case unusual under section 1203 and rule 4.413 of the California Rules of Court[2] so as to overcome the ineligibility presumption. He argues the court did not properly consider how his untreated mental health conditions contributed to his criminal conduct and failed to account for his improved mental health after receiving treatment while in custody. Finding no abuse of discretion, we shall affirm.

BACKGROUND

After being taken to a Yuba County hospital in October 2023, Johnson caused a commotion in the hospital waiting room by threatening to harm and shoot members of the public and hospital staff. Johnson stated, "I have a bullet for every single person that's in the lobby right now," causing a hospital employee to fear that she would be the first person shot as her desk faced the front entrance to the lobby.

In February 2024, Johnson pled no contest to one count of making criminal threats (§ 422, subd. (a)) in exchange for a sentence no greater than the middle term if the court denied his request for probation.[3] A presentence probation report recommended that the trial court make an unusual case finding under rule 4.413(c)(2)(B) based on Johnson's mental health at the time of the crime and his positive response to treatment and medication while in jail.

Johnson's sentencing statement in mitigation requested probation under rule 4.413(c)(2)(B), claiming he committed the criminal threats offense because of a mental health condition not amounting to a defense and that there was a high likelihood that he would respond favorably to mental health care and treatment while on probation.

---

[2] Undesignated rule references are to the California Rules of Court.

[3] Upon accepting Johnson's no contest plea, the court found him in violation of probation in a prior vandalism case for failing to obey all laws. The vandalism case is not at issue in this appeal.

Johnson emphasized that even though he threatened he had a bullet for every person in the hospital lobby, he did not have any bullets or firearms on him that day, and his illogical behavior likely resulted from some sort of psychosis. He further noted that he suffered a traumatic brain injury during a serious vehicle accident in 2015, and that before his arrest in this case, he had been peacefully residing with his girlfriend and their minor child. While in jail, Johnson had been diagnosed with schizoaffective disorder and ongoing anxiety and had responded well to treatment, which made him more calm and better able to communicate with his treatment providers. Johnson attached mental health treatment records from jail.

At the sentencing hearing in March 2024, the trial court recognized Johnson needed an unusual case finding before probation could be granted, and that it was a "difficult case." Defense counsel submitted on the probation department's recommendation to place Johnson on probation. The People disagreed with the recommendation, requesting the low term in prison. In response, defense counsel argued that while in custody, Johnson had been taking medication to address his mental health problems, which counsel believed would prevent him from repeating his past criminal conduct if probation were granted.

After considering the evidence and arguments of the parties, the trial court declined to make an unusual case finding. The court found that Johnson was a danger to society and not the type of person who should be released back into the community on probation. The court cited Johnson's history of violent criminal conduct, including prior convictions for robbery (§ 211) and felony child abuse (§ 273a, subd. (a)), as well as his 2022 vandalism (§ 594) conviction in which Johnson "absolutely lost control" and punched a store clerk in the face and knocked a glass display case off the counter, causing it to break, when the store clerk refused to give him a refund for a faulty vape pen. The court also emphasized the violent nature of his threats to members of the public and staff at the hospital during the current offense when he threatened to shoot everyone in the

3

lobby.  Noting Johnson was 32 years old and had committed three felonies, including two strikes, the court found that he was better suited to receive mental health treatment in custody rather than out in society where he posed a danger to the public.  The court therefore imposed the low term of 16 months in prison.  The court imposed various fees and fines and awarded credits.  Johnson timely appealed in March 2024 with a certificate of probable cause.  His opening brief was filed in September 2024, and this case became fully briefed on November 26, 2024.

## DISCUSSION

Johnson challenges the trial court's order denying probation after declining to find his case unusual under section 1203 and rule 4.413.  He contends the court ignored two key arguments raised below:  (1) that he committed the criminal threats offense when he was suffering from untreated mental health conditions; and (2) that mental health treatment he had received while in custody, including medication and counseling, was effective in making him no longer a danger to society if placed on probation.  We are not persuaded.

*Standard of Review*

A grant or denial of probation is within the sound discretion of the trial court and will not be disturbed unless it is shown the court exercised its discretion in an arbitrary or capricious manner.  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 (*Stuart*).)  Reversal is not warranted merely because reasonable minds might disagree.  (*Id.* at pp. 178-179.)  Absent evidence clearly showing that the sentencing decision was arbitrary or irrational, the trial judge is presumed to have acted to achieve legitimate sentencing objectives.  (*Id.* at p. 179.)

4

*Unusual Case Finding*

Johnson's two prior felony convictions rendered him presumptively ineligible for probation unless unusual circumstances were found by the court. (§ 1203, subd. (e)(4).)[4] The criteria set forth in rule 4.413(c) delineate the unusual circumstances that may overcome the statutory limitation on probation. (Rule 4.413(b).) One factor that "may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate" is if a defendant committed the crime "because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation." (Rule 4.413(c)(2)(B).)

However, the existence of any of the listed factors in rule 4.413 "does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.' " (*Stuart*, *supra*, 156 Cal.App.4th at p. 178.) In other words, as the People rightly note, the provision is permissive not mandatory. (*People v. Serrato* (1988) 201 Cal.App.3d 761, 763 [discussing identical language in former rule 416(e)], disapproved on another ground in *K.R. v. Superior Court* (2017) 3 Cal.5th 295, 313, fn. 10.)

Johnson's two-pronged argument rests on the notion that the trial court did not acknowledge or discuss (1) the status of his mental health at the time of the crime or (2) the positive impact of the treatment he had received while in jail. He therefore contends

---

[4] Section 1203, subdivision (e)(4) provides, in relevant part: "(e) Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] (4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

the court's decision to deny probation cannot be considered an exercise of fully informed discretion.

Johnson cites the medical records he submitted with his statement in mitigation as well as his statement to the probation officer about the incident, which he argues demonstrated that he was suffering from untreated schizoaffective disorder and anxiety at the time of the offense with symptoms that included auditory hallucinations, paranoia, extreme emotional distress, and suicidal ideation. The court, however, did not discuss this evidence at the hearing nor did it address the fact that his mental health had dramatically improved after he received treatment while in jail, including medication and counseling. By highlighting only his violent criminal history and threatening comments at the hospital, Johnson contends the court ignored the facts of the case and improperly disregarded rule 4.413(c)(2)(B), which authorized an unusual case finding based on his mental health issues.

But, as the People argue, the record shows the trial court fully considered Johnson's statement in mitigation, which, according to the court "detail[ed] what's going on in the jail and his conduct and everything," including his mental health issues, as well as his position that his case was an unusual one. Defense counsel also argued during the sentencing hearing that Johnson was unlikely to reoffend in the future because he was "now taking mental health medication for his mental health diagnosis," and that the lack of treatment for Johnson's mental health issues had been his "core problem" that previously prevented him from behaving in society. That the trial court resolved the issue adverse to Johnson does not mean the court did not thoughtfully consider his arguments under rule 4.413(c)(2)(B) or otherwise ignored the mental-health-related evidence he proffered.

"Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) Rule 4.409 provides that "[r]elevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise." Because the record here does not affirmatively show that the court failed to consider the evidence and arguments related to Johnson's mental health and subsequent treatment, and, indeed, the trial court *expressly stated that it had considered* Johnson's statement in mitigation detailing his mental health issues and treatment progress at the jail, the plea form, and the reporter's transcript, we presume the court appropriately considered this unusual case factor. (Rules 4.409, 4.413(c)(2)(B).)

The trial court determined, after considering Johnson's evidence and the applicable unusual case factors, that finding the case unusual was not warranted under the circumstances. We cannot say, on the record before us, that the decision was so irrational or arbitrary that it amounted to an abuse of discretion given Johnson's extensive history of committing violent crimes, including the present offense, which posed a significant danger to the public. (*Stuart*, *supra*, 156 Cal.App.4th at pp. 178-179 [reversal for abuse of discretion is not warranted merely because reasonable minds might disagree].)

To the extent Johnson argues that the trial court could have made additional or different findings explicitly rejecting his mental health evidence, the court was not required to do so. (*People v. Nuno* (2018) 26 Cal.App.5th 43, 49 [a trial court "need not provide reasons for declining to find a case 'unusual' so as to rebut any presumptive ineligibility for probation"], citing *People v. Lesnick* (1987) 189 Cal.App.3d 637, 644.) Here, the court stated its reasons for determining that it was not in the interest of justice

to make an unusual case finding, i.e., the court found the need to protect the community from Johnson's violent tendencies as evidenced by his history of committing violent offenses implicitly outweighed any mental health mitigating factors.  No additional findings were necessary.

DISPOSITION

The judgment is affirmed.


            /s/_____
           BOULWARE EURIE, J.


We concur:


  /s/_____
EARL, P. J.


  /s/_____
FEINBERG, J.