Filed 8/20/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and<br>    Respondent,<br><br>    v.<br><br>DEMETRIC A. BROOKS,<br><br>    Defendant and<br>    Appellant. | B300182<br><br>(Los Angeles County<br>Super. Ct. No. NA105213) |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Law Offices of Jenny Brandt and Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

A jury found Demetric A. Brooks guilty of five of the six counts alleged against him based on actions he took during and after a domestic dispute.  The trial court (Judge Mark C. Kim) also found true that Brooks had suffered each of three prior convictions under Penal Code section 667, subdivision (a)(1).[1] The trial court struck one of Brooks's prior strike convictions over the People's objection after granting a motion based on *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  Based on the jury verdict, its true findings on the prior convictions, and the *Romero* motion, the trial court sentenced Brooks to 27 years and 4 months in prison, which included two five-year terms imposed for prior serious felony convictions under section 667, subdivision (a)(1).

After Brooks was sentenced, the Legislature enacted and the Governor signed Senate Bill No. 1393, which amended sections 667 and 1385 to give a trial court discretion that it did not have before January 1, 2019 to strike prior serious felony conviction enhancements.  (Stats. 2018, ch. 1013, §§ 1, 2.)  We concluded that "[t]he record . . . [did] not reveal a clear indication of how the trial court would have exercised its discretion," and remanded the case to the trial court to determine "whether to strike any enhancements imposed under section 667, subdivision (a)(1)."  (*People v. Brooks* (Mar. 21, 2019, B288769) p. 3 [nonpub. opn.].)

On remand, the trial court (Judge Judith Levey Meyer) declined to strike the two five-year prior serious felony

---

[1] Statutory references are to the Penal Code unless otherwise noted.

enhancements imposed under section 667, subdivision (a)(1). We find no abuse of discretion and affirm the trial court's order.

## BACKGROUND

On October 24, 2016, Brooks intervened in a fight between his girlfriend, April D., and her roommate in April D.'s apartment, and eventually began arguing with April D. During his argument with April D., Brooks threatened to burn her with water that was boiling in the apartment's kitchen, and then threw the boiling water on April D. as she turned away from him. April D. felt her clothes sticking to her skin, and when she lifted her shirt to "see the damage," she saw that her "skin was hanging off." April D. ran to the second-floor apartment's balcony to call for help, and Brooks tried to push her off the balcony. At some point during the altercation, April D. was also hit in the head with a table leg. Brooks left before police arrived.

The doctor that treated April D. in the emergency room testified that she had suffered second degree burns over three to four percent of her body. He told the jury that April D.'s burns could cause permanent scarring.

After police detained Brooks, he repeatedly kicked at one of the windows in a police vehicle and damaged the vehicle's window frame.

A jury found Brooks guilty of mayhem (§ 203), assault with a deadly weapon ("boiling hot water," § 245, subd. (a)(1)), domestic violence (§ 273.5, subd. (a)), vandalism under $400 (§ 594, subd. (a)), and resisting an executive officer (§ 69).[2] The jury

---

[2] Brooks was charged with an additional count of assault with a deadly weapon for attacking April D. with a table leg. (§ 245, subd. (a)(1).) The jury was unable to reach a unanimous verdict on that count.

3

also found true allegations connected to the assault with a deadly weapon and domestic violence charges that Brooks had personally inflicted great bodily injury on April D. (§ 12022.7, subds. (a) & (e)).

The trial court found that Brooks had suffered prior serious or violent felonies for second degree robbery (§ 211) in 2004 and burglary (§ 459) in 1991 (§§ 667, subd. (d), 1170.12, subd. (b)). The trial court also found the two prior convictions true for purposes of the enhancement imposed under section 667, subdivision (a)(1). At sentencing on February 28, 2018, the trial court granted Brooks's *Romero* motion over the People's objection and struck Brooks's prior conviction for burglary based on the fact that the conviction was 27 years old. The trial court sentenced Brooks to a total of 27 years and four months, which included 10 years (five years apiece) for the two prior serious felonies the trial court found true for purposes of section 667, subdivision (a)(1).

Senate Bill No. 1393 became effective on January 1, 2019 while Brooks's appeal from his conviction was pending in this court. We affirmed Brooks's conviction, but remanded to the trial court so it could determine in the first instance whether to strike any enhancement imposed under section 667, subdivision (a)(1) pursuant to the discretion bestowed on the trial judge by Senate Bill No. 1393.

On remand, the trial court reviewed the original sentencing transcript, the pre-plea report, and the briefs filed in Brooks's appeal "that talk about the facts and what had actually happened." After argument, the trial court declined to strike either of the two five-year enhancements imposed under section 667, subdivision (a)(1). Among other statements, the trial court

4

stated, "I think, to me, what is most telling is the break that was already given to Mr. Brooks" when the trial court granted Brooks's *Romero* motion. The trial court continued, "[t]he court already showed what I'll call 'mercy' on the situation and struck the strike so that there was no life sentence, as far as this case is concerned, and that was already over the People's objection."

The trial court referenced Brooks's arguments that his attack of April D. was spontaneous, and that Brooks did not go to April D.'s apartment intending to do anything violent. The trial court rejected that argument, however, based on what she referred to as "quite a criminal history," including a first degree residential burglary, a "211 robbery from 2003" and "drug cases." "At some point in time," the trial court explained, "although the courts have been working a little bit more towards rehabilitation on a lot of things, on a crime of this nature, the goal of sentence was [flat out] punishment, not rehabilitation."

Judge Meyer noted that she did not "know if [she] would have stricken the strike" under *Romero* as Judge Kim did. "And since [Brooks] has already received quite a break and not received an indeterminate life sentence, this court has no intention to exercise its discretion and strike the two [five-year] priors."[3] Concluding, the trial court stated, "As it is, he's already – may not serve them under certain propositions and how prison is going to work, so I'm not going to tamper with it any further. He faced a life sentence, and now he has [a determinate] sentence, and the court is going to leave it at that." The court made clear that it had "read and [had] considered and [had]

---

[3] The reporter's transcript incorrectly refers to the two priors as "two 10-year priors."

exercised discretion, and the court will not strike the priors and [Brooks's] sentence remains [intact]."

Brooks filed a timely notice of appeal.

## DISCUSSION

Brooks challenges the trial court's order on a variety of grounds, none of which was presented to the trial court. Brooks first contends that the trial court based its denial of his motion on "a misunderstanding of sentencing law" and improper sentencing criteria. Brooks also contends that he is "entitled to a resentencing hearing before the original sentencing court." Acknowledging his attorney's failure to raise these issues in the trial court, Brooks argues that if he has forfeited review based on these issues then his trial counsel was ineffective.

The People's arguments regarding forfeiture are well-taken. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].) In order to determine whether Brooks was prejudiced by his lawyer's failure to raise any of these issues in the trial court, however, we must determine whether "a reasonable probability exists that . . . the result would have been different." (*People v. Farnam* (2002) 28 Cal.4th 107, 148.) Consequently, we reach the merits of Brooks's contentions.

### A. Brooks was not entitled to have his motion heard by the original sentencing judge.

Brooks was originally sentenced after his trial by Judge Mark C. Kim. On remand, his motion to strike the two five-year sentence enhancements Judge Kim imposed under section 667, subdivision (a)(1) was heard by Judge Judith Levey Meyer. In his opening brief, Brooks contends he is "entitled to a

6

resentencing hearing before the original sentencing court." Brooks softens his position later in his briefing, arguing that "the original sentencing judge *should* preside over a resentencing hearing" if the original judge is available.[4] (Italics added.) In his briefs and at argument, Brooks made a number of public policy arguments urging us to hold that defendants are entitled on remand to have motions to strike enhancements imposed under section 667, subdivision (a) heard by the same judge who sentenced those defendants.

We reject Brooks's argument. First, the hearing on remand was not a resentencing. Remand for sentencing can take different forms. "[T]hat a sentencing *remand* necessarily entails a full *resentencing* [is] not correct." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 35.) A "reviewing court has the power, when a trial court has made a mistake in sentencing," for example, "to remand with directions that do not inevitably require all of the procedural steps involved in arraignment for judgment and sentencing." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258.)

We did not remand for resentencing. We remanded with the instruction that "the trial court shall determine whether to strike any enhancements imposed under section 667, subdivision (a)(1)" and to follow other very limited and specific instructions if it chose to strike either of those enhancements.

Second, we are aware of no authority creating an entitlement to have the same judge that sentenced a defendant hear a motion to strike enhancements if a case is remanded for

---

[4] Brooks has not established, and nothing in the record indicates, that Judge Kim was available to hear the motion on remand.

that purpose.[5]  Moreover, each of the cases Brooks cites in support of his argument stated only that the same trial judge that presided over a death penalty trial should hear a motion under section 190.4, subdivision (e) (an automatic application for modification of the verdict imposing the death penalty) when the case was remanded for that purpose, *assuming* the judge was still available to hear the motion.  (See, e.g., *People v. Lewis* (1990) 50 Cal.3d 262, 287 ["Preferably, the trial judge, Judge Elsworth Beam, should rehear the application on the basis of the record certified to this court.  If, however, he is unavailable, the matter may be heard before another judge of the same court"].)  That is a narrow set of circumstances.  And even under those circumstances, the Supreme Court did not create an *entitlement* to the same trial judge on remand.

Brooks was not entitled to have Judge Kim hear the motion to strike on remand.  We acknowledge the public policy considerations Brooks outlines.  But we recognize that there are also countervailing considerations.  A trial judge's reassignment within a large county's superior court, for example, may leave a trial judge in a facility with no temporary detention capacity.  Judges may be *technically* available, then, to handle motions on

---

[5] Brooks and the People agree that *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*) is inapposite.  In *Arbuckle*, our Supreme Court concluded that "whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge."  (*Id.* at pp. 756-757.)  The Court continued, "Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea."  (*Id.* at p. 757.)

8

remand, but not *practically* available. Remand here did not involve the considerations present in *Arbuckle, supra,* 22 Cal.3d 749. And in light of the dearth of statutory or case authority entitling defendant on remand for a motion to strike enhancements imposed under section 667, subdivision (a) to the same trial judge who conducted the original sentencing hearing, we decline to create the rule Brooks has requested of us here. Finally, based on our conclusions here, Brooks's attorney's failure to raise the issue in the trial court did not deprive Brooks of effective assistance of counsel.

## B. The trial court did not abuse its discretion when it denied Brooks's motion to strike enhancements.

Brooks contends that the trial court abused its discretion because it was mistaken when it stated on the record that "on a crime of this nature, the goal of sentence was [flat out] punishment, not rehabilitation." Rehabilitation *is* a sentencing objective in California, Brooks argues, and the trial court's statement indicates that it did not consider rehabilitation as a relevant sentencing factor.

The People point out that the quote Brooks selected as his basis to demonstrate error was taken out of context. The entire sentence from the reporter's transcript indicates that the trial court understands rehabilitation is a sentencing objective in California. After reciting several of Brooks's previous crimes from the record, the trial court stated, "At some point in time, although the courts have been working a little bit more towards rehabilitation on a lot of things, on a crime of this nature, the goal of sentence was [flat out] punishment, not rehabilitation."

The record demonstrates that the trial court followed California Rules of Court, rule 4.410 when considering sentencing

9

objectives. That rule lists "[p]unishing the defendant" and "[e]ncouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses" as two of the "[g]eneral objectives of sentencing," and instructs trial courts that "[b]ecause in some instances these objectives may suggest inconsistent dispositions, *the sentencing judge must consider which objectives are of primary importance in the particular case.*" (Cal. Rules of Court, rule 4.410(a)(2), (a)(3), (b), italics added.) The trial court here specifically recognized that rehabilitation is a general objective of sentencing, but concluded for purposes of Brooks's motion that punishment was "of primary importance." (Cal. Rules of Court, rule 4.410(b).) The trial court did not abuse its discretion when it selected a valid sentencing objective as having more import than another valid sentencing objective that might have suggested a different disposition.

Brooks also contends that the trial court abused its discretion when it postulated on the record that new or proposed ballot propositions might eventually reduce the amount of time Brooks served on his sentence. Brooks argues that the trial court's statement—"As it is, he's already – may not serve [the full length of his sentence] under certain propositions and how prison is going to work, so I'm not going to tamper with it any further"— was effectively the trial court making a decision based on a result it sought, and not on the law and facts before it.

We disagree with Brooks's interpretation of the trial court's statement. As Brooks has highlighted for us, Judge Meyer was not the sentencing judge, and so could not have "reason[ed] backwards to justify a particular length sentence which [s]he arbitrarily determine[d]." (*People v. Swanson* (1983) 140 Cal.App.3d 571, 574.)

10

At the hearing on his motion to strike his section 667, subdivision (a)(1) enhancements, Brooks made the same arguments he made at his sentencing hearing and in connection with his *Romero* motion.[6]  The trial court explained that it had reviewed the transcript from the sentencing hearing, that it was familiar with the facts of the case, and that it had heard and understood Brooks's arguments.  The trial court's decision was *not* a decision to reach a sentence amounting to a certain time in prison, but rather was a decision to *not shorten* the amount of time to which Brooks had already been sentenced for the attack and his actions after the attack.

Beyond our disagreement with Brooks's characterization of the trial court's action, however, we also disagree with the implications of Brooks's statements of the law.  A trial court "may keep in mind the length of a sentence it thinks appropriate for a defendant and rule accordingly."  (*People v. Kelly* (1999) 72 Cal.App.4th 842, 847.)  "A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored.  A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion

---

[6] At his sentencing hearing, he argued that he "has been crime free . . . the last seven years," that "he didn't wake up that day to go harm anyone," that this attack was a "one-time, spur-of-the-moment, not-thinking act of anger," and that "he didn't wake up that day to harm or kill anyone."  At the hearing on his motion to strike the section 667, subdivision (a)(1) enhancements, Brooks argued that he "did not wake up that day to go out and prey on any victim," and that "he had no premeditation, no maligned heart, no deliberation to get up that morning and harm anybody."

11

outlined in the myriad of statutory sentencing criteria." (*People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457.)

Brooks's arguments here rely on snippets of the reporter's transcript in this action taken out of their context. The context of the rest of what the trial court said at the hearing and what the trial court stated it reviewed to prepare for the hearing leads us to conclude that the trial court considered proper criteria, understood sentencing law, and did not abuse its discretion when it denied Brooks's motion to strike enhancements imposed before the trial court had discretion to strike enhancements under section 667, subdivision (a)(1). And because we disagree with Brooks's assertions that the trial court abused its discretion, we conclude he was not deprived of effective assistance of counsel based on his attorney's failure to raise any of these issues at the hearing on his motion.

## DISPOSITION

The trial court's order is affirmed.
CERTIFIED FOR PUBLICATION



CHANEY, J.

We concur:



BENDIX, Acting P. J.        SINANIAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12